THE PEOPLE OF THE STATE OF NEW YORK ex rel. WALTER D. JENNINGS and Others, Relators, v. JOHN H. FINLEY, as Commissioner of Education of the State of New York, Respondent.

Third Department, November 15, 1916.

Education Law — appeal — determination of Commissioner of Education removing trustees of union free school district not subject to review — Education Law construed.

Where the Commissioner of Education determines that attempted resignations and other appointments by trustees of a union free school district pending proceedings for their removal were not made in good faith and were a scheme to defeat the pending proceeding, his decision remov-

ing the trustees and ordering a special election is final and not subject to review by the newly-appointed trustees.

Presentation of charges against trustees, and the fixing of a hearing is a "proceeding" within the meaning of section 880 of the Education Law, making the decision of the Commissioner of Education therein "final and conclusive and not subject to question or review in any place or court whatever."

The power given to the Commissioner of Education by sections 95 and 309 of the Education Law to remove school officers necessarily devolves upon him the duty to decide whether accused trustees of a union free school district were holding office at the time of the determination as to charges against them.

APPLICATION by the relators, Walter D. Jennings and others, for a writ of certiorari directed to John H. Finley, as Commissioner of Education of the State of New York, for the purpose of reviewing his action in removing Burch, Kellogg, Lamos and Hanmer from the office of trustees of union free school district No. 1 of the town of Long Lake, Hamilton county.

*Edward M. Angel,* for the relators.

*Frank B. Gilbert,* for the respondent.

KELLOGG, P. J.:

Proceedings were duly pending before the Commissioner of Education for the removal from office of the five trustees of union free school district No. 1 of the town of Long Lake, Hamilton county, for violation of their official duties, and the hearing was to be on July 11, 1916. While said proceedings were pending, and on July eighth, Trustee Burch tendered to the board his written resignation of office and the board voted to accept it and appoint the relator Jennings in his place. On the same day Trustee Lamos tendered his resignation and the board voted to accept the same and appoint the relator Morrissey in his place. On the tenth day of July Trustee Kellogg tendered his resignation, and the relators Jennings and Morrissey and Trustees Hanmer and Stanton, acting as a board, voted to accept the same and to appoint the relator Hartson in his place, and on the same day Trustee Hanmer filed his resignation and the relators Jennings and Morrissey and Trustee Stanton, acting as a board, voted to accept it and to appoint

the relator Rice in his place. None of the accused trustees appeared and defended in the proceeding, but the record brought to the attention of the Commissioner the proceedings of the board by which said alleged resignations were accepted, and, after due consideration, the Commissioner determined that the said resignations and appointments were not made in good faith but were made to keep control of the board and to defeat the pending proceedings. If the resignations were valid and effectual the accused persons were not trustees at the time of the hearing and the Commissioner had no jurisdiction to continue the proceedings against them. It, therefore, became necessary for him to determine whether the accused trustees were still in office and whether the attempted resignations were of force. The power given to the Commissioner by sections 95 and 309 of the Education Law (Consol. Laws, chap. 16; Laws of 1910, chap. 140) to remove school officers, necessarily devolved upon him the duty to decide whether the accused were holding office at the time of the determination, and such decision was a necessary element of the proceedings pending. The Commissioner, following a rule of the department made September 17, 1912 (*Matter of Winne,* 1 State Dept. Rep. [Unofficial] 399), determined that the attempted resignations were without force, the district superintendent not having accepted and approved of them. He thereupon removed the accused trustees and ordered a special election. . (See *Matter of Burch,* 8 State Dept. Rep. 626.) The relators seek to review that determination by certiorari.

Section 880 of the Education Law provides: " Any person conceiving himself aggrieved may appeal or petition to the Commissioner of Education who is hereby authorized and required to examine and decide the same; and the Commissioner of Education may also institute such proceedings as are authorized under this act and his decision in such appeals, petitions or proceedings shall be final and conclusive, and not subject to question or review in any place or court whatever." The object of this provision obviously was to place upon the Commissioner the supervision and control of the public school system, and in the matters committed to his charge, to make his decision final so that his time may be devoted to the schools

and not to the courts. Clearly he had the power to make and determine charges against the trustees, and the presentation of the charges and the fixing of a hearing was a proceeding within the meaning of the section quoted. We conclude that his determination is final and not subject to review here.

The suggestion that the relators were not parties to the proceeding does not come with great force when we consider that they voluntarily entered into the scheme to defeat the proceedings pending before the Commissioner, and permitted themselves to be placed in the position of the accused officials. The conclusion of the Commissioner that the alleged resignations and appointments were not made in good faith and were a scheme to defeat the pending proceeding was clearly correct. The relators owed their alleged positions to the act of the accused trustees, and if the alleged resignations were without force the relators have no standing as trustees.

We conclude, therefore, that the relators cannot question the determination of the Commissioner. The application for the writ is, therefore, denied, with fifty dollars costs and printing disbursements to be paid by the relators.

All concurred.

Application for writ denied, with fifty dollars costs and disbursements to be paid by the relators.