ALICE M. BARRINGER, Appellant, *v.* GEORGE T. POWELL et al., as Trustees of School District No. 3, in the Town of Ghent, Respondents.

Education Law — effect of dissolving school district and consolidating it with another — benefits and obligations of contracts made by dissolved district assumed by consolidated district — refusal of consolidated district to carry out contract of dissolved district employing a teacher — appeal by teacher — exclusive jurisdiction by commissioner of education — effect of his decision.

1. Under the Education Law, if a school district be dissolved it continues to exist in law for the purpose of providing for and paying all of its debts, but if such district be consolidated with another the

new district succeeds to all the assets of the dissolved district, of every kind and description, including contracts made by the dissolved district and acquires whatever benefits and assumes whatever obligations are imposed by such contracts. (Education Law [Cons. Laws, ch. 16], §§ 127, 129, 135.)

2. Where the sole trustee of a school district entered into a contract employing plaintiff as a teacher for a definite period at a designated salary, and on the same day the district superintendent of schools dissolved such district and consolidated it with another, the benefits and obligations of the contract were assumed by the consolidated district; and where such district refused to recognize the contract and plaintiff appealed to the state commissioner of education, he had, by express provision of the statute, jurisdiction of the parties and of the subject-matter of the appeal, and his decision that the contract was valid and binding upon the consolidated district is final and conclusive and not subject to question or review in any place or court whatever. (Education Law, § 890.)

3. When, upon such appeal, the commissioner of education so decided but held that the papers on appeal did not present sufficient proof to justify the assessment of damages under the statute (Education Law, § 891), and remitted the plaintiff to an action at law and, after the expiration of the time for the fulfillment of the contract, the plaintiff brought this action and obtained judgment for the wages fixed by the contract, it was error for the Appellate Division to reverse the judgment. (*Bullock* v. *Cooley*, 225 N. Y. 566, and *People ex rel. Hylan* v. *Finegan*, 227 N. Y. 219, followed.)

*Barringer* v. *Powell*, 183 App. Div. 666, reversed.

(Argued October 18, 1920; decided November 16, 1920.)

APPEAL from a judgment, entered July 8, 1918, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank B. Gilbert* and *Irwin Esmond* for appellant. The appellant's contract to teach was an executory contract for services to be performed after the dissolution of district No. 8, Ghent, and its annexation to district

No. 10. No debt had accrued under such contract at the time of dissolution. The dissolved district was not continued under section 135 of the Education Law for the purpose of providing for the payment of the services to be rendered under such contract. (*Whitney Arms Co.* v. *Barlow,* 68 N. Y. 34; *Gold* v. *Clyne,* 134 N. Y. 262; *Garrison* v. *Howe,* 17 N. Y. 461; *Bottlers Seal Co.* v. *Rainey,* 225 N. Y. 369.) The rights accruing under the appellant's contract to teach were property rights which passed to the consolidated district immediately upon the taking effect of the order of consolidation. (Cons. Laws, ch. 16, § 137; *People ex rel. Short* v. *Warden,* 145 App. Div. 861; 206 N. Y. 632.) The dissolution of the district did not abrogate the appellant's contract to teach. Under the general rule pertaining to the effect of dissolution and annexation of municipalities, the obligations arising under such contract, in future, were assumed by the consolidated district. (1 Dillon on Mun. Corp. § 357; *Mt. Pleasant* v. *Beckwith,* 100 U. S. 514; *Thompson* v. *Abbott,* 61 Mo. 176; *Bell* v. *City of New York,* 46 App. Div. 195.) The decision of the commissioner of education was in conformity to law, was binding upon the parties and not subject to review by the court. (*People ex rel. Hylan* v. *Finegan,* 227 N. Y. 219; *People ex rel. Bd. of Education* v. *Finley,* 211 N. Y. 51; *Jennings* v. *Finley,* 175 App. Div. 204; *Bullock* v. *Cooley,* 225 N. Y. 566.)

*John L. Crandell* for respondents. Plaintiff failed to make out a cause of action. (*Aultman & Taylor Company* v. *Syme,* 163 N. Y. 54; *Matter of Engel,* 155 App. Div. 467; *Gardner* v. *Town of Cameron,* 155 App. Div. 750; *Matter of Aylesworth* v. *Phœnix Cheese Co.,* 90 App. Div. 34; *Smith* v. *Coman,* 47 App. Div. 118; *Langto* v. *Raymond,* 90 App. Div. 614; *Matter of Caffrey,* 52 App. Div. 264; *Dudley* v. *Mayhew,* 3 N. Y. 9; *Matter of McIntyre,* 124 App. Div. 67; *O'Donoghue* v. *Boies,*

159 N. Y. 102.) The commissioner of education had no power to make an order charging the debt of one district upon the inhabitants of another district. (*Matter of Holzworth,* 160 App. Div. 150; 215 N. Y. 700; *O'Donoghue* v. *Boies,* 159 N. Y. 102; *Risley* v. *Phœnix Bank,* 83 N. Y. 318; *Matter of McIntyre,* 124 App. Div. 67; *Matter of Heinze,* 179 App. Div. 453; *Knickerbocker Trust Co.* v. *O., C. & R. S. Ry. Co.,* 201 N. Y. 379; *People* v. *Smith,* 216 N. Y. 100; *People* v. *Common Council,* 189 N. Y. 74; *Stebbins* v. *Kay,* 123 N. Y. 31.) The defendants have the right to attack the order of the commissioner in this action. (*McKechnie Brewing Co.* v. *Trustees,* 15 App. Div. 149; *Hassan* v. *City of Rochester,* 67 N. Y. 528; *O'Donoghue* v. *Boies,* 159 N. Y. 98.)

McLAUGHLIN, J. On the 10th of May, 1915, there were in the town of Ghent, Columbia county, two school districts, numbered 8 and 10. On that day plaintiff entered into a contract with the sole trustee of district No. 8, by the terms of which she was to teach school in that district for a period of forty consecutive weeks commencing August 30, 1915, at a weekly salary of ten dollars. On the day the contract was made, the district superintendent of schools of the first supervisory district of Columbia county made an order dissolving district No. 8 and annexing its territory to district No. 10, which has since been renumbered 3. The order, by its terms, took effect on the second of August following. The school trustees of the consolidated district refused to recognize plaintiff's contract. She thereupon appealed to the commissioner of education of the state, who, after hearing both parties, rendered a decision that her contract was valid and binding upon the consolidated district, but the papers on appeal did not present sufficient proof to justify the assessment of damages. He thereupon remitted the plaintiff to an action at law. This action was subsequently brought and judgment

demanded for $400. At the trial substantially the only question litigated was whether the decision of the commissioner of education was conclusive and binding upon the trial court, both of the parties apparently conceding that if it were then plaintiff was entitled to recover. The trial court held it was and directed a verdict in favor of the plaintiff for the amount claimed, upon which judgment was entered, from which district No. 3 appealed to the Appellate Division, where the judgment was reversed (one of the justices dissenting and voting for affirmance) and the complaint dismissed. She appeals to this court.

Two of the justices of the Appellate Division placed their decision upon the ground that there was no obligation resting upon district No. 3 to carry out plaintiff's contract and that the commissioner of education had no jurisdiction of the subject-matter of the controversy. The other two justices, while concurring in the result, held that the commissioner had jurisdiction and, having taken same, resort thereafter to an action in the Supreme Court was unnecessary and improper.

I am of the opinion that district No. 8 having been consolidated or merged with district No. 10 — thereafter renumbered 3 — plaintiff's contract and all the rights and obligations thereunder were acquired and assumed by district No. 3. That district was entitled, under the contract, to receive and plaintiff obligated to render the services.

Section 135 of the Education Law (Cons. Laws, chap. 16) provides that if a district be dissolved, as provided in section 129 of the same act, it " shall continue to exist in law, for the purpose of providing for and paying all its just debts; and to that end the trustees and other officers shall continue in office, and the inhabitants may hold special meetings, elect officers to supply vacancies and vote taxes; and all other acts necessary to raise money and pay such debts shall be done by the inhabitants and officers of the district."

Whatever rights the plaintiff had under her contract, the same was not a debt (*Wentworth* v. *Whittemore*, 1 Mass. 470) and might never become such. Such rights could only ripen into a debt by the rendition of the services agreed upon. (*Whitney Arms Co.* v. *Barlow*, 68 N. Y. 34; *Gold* v. *Clyne*, 134 N. Y. 262.) A debt is not incurred until the consideration for it is furnished. (*Bottlers Seal Co.* v. *Rainey*, 225 N. Y. 369; *Deane* v. *Caldwell*, 127 Mass. 242; *Watson* v. *Merrill*, 136 Fed. Rep. 359.) When the consolidation took place, the time for performance of the contract had not arrived and no services had been performed. District No. 8 was not then indebted to the plaintiff. Such district, therefore, did not thereafter continue for the purpose of discharging an obligation not then due and which might never come into existence. The contract, while not a debt, was a right of property and by express provision of section 137 of the Education Law, as above indicated, passed to the consolidated district. This section provides that when two or more districts shall be consolidated, the new district shall succeed to all the rights of property possessed by the annulled district. Under this section, all the assets of the dissolved district, of every kind and description, including the contract in question, became the property of the consolidated district immediately upon the taking effect of the order of consolidation. It acquired whatever benefits and assumed whatever obligations were imposed by the contract.

The commissioner of education, by express provision of statute, had jurisdiction of the parties and of the subject-matter of the appeal. Section 890 (formerly 880) of the Education Law provides: "Any person conceiving himself aggrieved may appeal or petition to the Commissioner of Education who is hereby authorized and required to examine and decide the same; * * * and his decision in such appeals * * * shall be final and conclusive, and not subject to question or review in any place or court

whatever. Such appeal or petition may be made in consequence of any action: * * * 4. By the trustees of any district in paying or refusing to pay any teacher, * * * or on any other matter upon which they may or do officially act. * * * 7. By any other official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter, or any other act pertaining to common schools." (See, also, *People ex rel. Yale* v. *Eckler*, 19 Hun, 609.)

The plaintiff conceived herself aggrieved by the action of the trustees of district No. 3. They refused to recognize the obligations of her contract made by district No. 8 prior to the consolidation. She thereupon had an absolute right to appeal to the commissioner of education and have him determine whether or not her contract was binding upon the substituted district. He having jurisdiction, the decision rendered by him was conclusive. Both the appellant and respondents were agents of the education department for the purpose of conducting the state's system of education under the provisions of the Education Law. (*People ex rel. Hylan* v. *Finegan,* 227 N. Y. 219.) It has frequently been held, under such circumstances, that the statute confers upon the commissioner of education power to review, on the petition of a person aggrieved, any decision mentioned in the Education Law. (*Welker* v. *Lathrop,* 210 N. Y. 434; *People ex rel. Board of Education of the City of New York* v. *Finley,* 211 N. Y. 51; *People ex rel. Peixotto* v. *Board of Education of the City of New York,* 212 N. Y. 463.) The purpose of the statute, obviously, was to place upon the commissioner the supervision and control of the public school system and in the matters committed to his charge to make his decision final. (*Bullock* v. *Cooley,* 225 N. Y. 566.)

Having assumed jurisdiction, I am of the opinion the commissioner might very well have ascertained the plaintiff's damage. Section 881 (now 891) would seem

to indicate this was the proper practice to be pursued, since by this section he is given ample power to enforce his decision. While I think he had jurisdiction to assess the damages, I do not think it was exclusive. At least, where all parties assented to that course it cannot now be questioned. He could, acting within the power given to him, do what he did — remit the plaintiff to an action at law to have the same ascertained. When the decision was made, the term of the contract had not expired and plaintiff's damage could not, at that time, have been accurately ascertained. It had when the trial took place and there being no dispute between the parties but what the plaintiff had been damaged the full amount of her contract, the court properly directed a verdict for such amount. (*Steinson* v. *Board of Education of the City of New York*, 165 N. Y. 431.)

The judgment appealed from, therefore, should be reversed and the judgment of the Trial Term affirmed, with costs in this court and the Appellate Division.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.