THE PEOPLE OF THE STATE OF NEW YORK ex rel. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 2 OF THE TOWN OF BROOKHAVEN, SUFFOLK COUNTY, Respondent, *v.* FRANK P. GRAVES, as Commissioner of Education, et al., Appellants.

**Education Law — schools — jurisdiction — Commissioner of Education has power to direct school district to furnish transportation for children and on failure to comply has power to order that public moneys be withheld from district.**

The Commissioner of Education has the power to direct a board of education of a union free school district to provide, by the levy of a tax, funds for the transportation of children of school age living so remote from the school building in such district that they cannot otherwise attend school; and, where the district has failed to comply with such an order, the Commissioner has power to order the treasurer of the county in which the district is located to withhold the public moneys apportioned to the district. (Const. of N. Y. art. 9, § 1; Education Law, §§ 20, 890, 891; Cons. Laws, ch. 16.) An order of certiorari, therefore, to review such orders was properly vacated.

*Matter of Board of Education* v. *Graves*, 215 App. Div. 744, reversed.

(Argued May 5, 1926; decided July 9, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 7, 1925, which annulled, on certiorari, an order of the Commissioner of Education and an order of the Acting Commissioner of Education.

People ex rel. Bd. of Education *v.* Graves. **205**

1926.]                        Points of counsel.                        [243 N. Y. 204]

*Frank B. Gilbert* for appellants. To enable the Commissioner of Education to perform his duty of management and supervision of the public school system he is given the power to determine educational controversies and to direct local school agencies in the exercise and performance of their powers and duties. This power includes the review of the acts of district meetings. (*Bullock* v. *Cooley,* 225 N. Y. 566; *People ex rel. Board of Education* v. *Finley,* 211 N. Y. 51.) The Commissioner of Education had jurisdiction of the subject matter and he was authorized and required by statute to examine and decide the same. (*Barringer* v. *Powell,* 183 App. Div. 666; *People ex rel. Yale* v. *Eckler,* 19 Hun, 609.) The authority conferred by statute upon a school district meeting to provide transportation for pupils to and from school does not preclude the Commissioner of Education from determining upon appeal to him that such transportation should be provided. (*People ex rel. Cayuga Nation* v. *Land Comrs.,* 207 N. Y. 42; *Phelps* v. *Hawley,* 52 N. Y. 23; *Hagadorn* v. *Raux,* 72 N. Y. 583; *Hutson* v. *Mayor of New York,* 9 N. Y. 163.) The statute authorizes the Commissioner of Education to direct the relator board of education to levy a tax to pay the cost of transportation of the petitioner's children. (*Barringer* v. *Powell,* 183 App. Div. 666.) The power conferred by statute upon the Commissioner to direct the levy of a tax when necessary to give effect to his decisions is essential for the administration of the school system and is not an unconstitutional delegation of legislative power. (*Field* v. *Clark,* 143 U. S. 649; *Cincinnati, etc., Railroad* v. *Commissioners,* 1 Ohio, 88; *Locke's Appeal,* 72 Penn. St. 491; *People* v. *Kaye,* 212 N. Y. 407; *Polinsky* v. *People,* 73 N. Y. 65; *People ex rel. Lieberman* v. *Vandecarr,* 175 N. Y. 440; *Bellows* v. *Raynor,* 207 N. Y. 389; *People* v. *Wilcox,* 194 N. Y. 383; *Saratoga Springs* v. *Saratoga Gas, etc., Power Co.,* 199 N. Y. 123.) The order of the Acting Commissioner of Education withholding the public school moneys of the district was

# 206 PEOPLE EX REL. BD. OF EDUCATION v. GRAVES.

incidental to the appeal and was issued in aid of the enforcement of the Commissioner's decision in such appeal, and it may not be reviewed by certiorari. (*Hutchinson* v. *Skinner*, 21 Misc. Rep. 729.)

*Lester Hand Jayne* for respondent. The Commissioner's action and orders herein override the intendment of the Education Law and exceed the limits of the powers given to him by the statute. (*Matter of Hirschfield* v. *Cook*, 227 N. Y. 297; *Williams* v. *District No. 1*, 204 App. Div. 161; *Starin* v. *Town of Genoa*, 23 N. Y. 439; *Bank of Chenango* v. *Brown*, 26 N. Y. 467; *Clark* v. *City of Rochester*, 28 N. Y. 605; *Village of Gloversville* v. *Howell*, 70 N. Y. 287; *People* v. *Fire Ass'n of Philadelphia*, 92 N. Y. 311; *Stanton* v. *Board of Supervisors*, 191 N. Y. 428; *Village of Saratoga Springs* v. *Saratoga Gas, etc., Co.*, 191 N. Y. 123; *People ex rel. Unger* v. *Kennedy*, 207 N. Y. 533.) Even if the Commissioner had been given this power, there was no appeal before him from any act or acts, either positive or passive in character, which gave him jurisdiction to make the order complained of. (*People ex rel. Light* v. *Skinner*, 159 N. Y. 162; *Bullock* v. *Cooley*, 183 App. Div. 529; *Barringer* v. *Powell*, 183 App. Div. 666; *Hirshfield* v. *Cook*, 227 N. Y. 297.)

McLAUGHLIN, J. The question presented by this appeal is whether the Commissioner of Education has the power to direct a board of education of a union free school district to provide, by the levy of a tax, funds for the transportation of children of school age living so remote from the school building in such district that they cannot otherwise attend school; and, the district having failed to comply with such order, whether the Commissioner has power to order the treasurer of the county in which the district is located to withhold the public moneys apportioned to the district until the order is rescinded.

District No. 2 in the town of Brookhaven, Suffolk

county, is a union free school district created under the provisions of the Education Law. (Chapter 140 of the Laws of 1910, as amended; Cons. Laws, ch. 16.) The district consists of former districts Nos. 2, 3 and 4 of the town, in which are located the villages of Setauket, East Setauket and South Setauket. South Setauket is situate between two and three miles from the school building in the district. In this village are several families with a considerable number of children of school age. These inhabitants, some fifteen in number, on the 14th of August, 1923, requested, in writing, the board of education to provide transportation for their children to and from the school building. The board at a regular meeting, after considering the request, refused to take any action thereon.

Thereafter, on September 28, 1923, one Sadie D. Hawkins, residing in South Setauket and having a child of school age, appealed by written petition to the Commissioner of Education in behalf of her child and the other children residing in that locality, from the action of the board in refusing to provide transportation for such children. The board of education made a return on the appeal in which the material facts set out in the petition were not denied. It was alleged by Sadie D. Hawkins that on several occasions prior to the time of the application of August 14, 1923, other similar applications had been made to the board, as well as to a district meeting, and that the board and the district meeting had neglected and refused to take action.

After the petition and return thereto had been filed with the Commissioner, he caused an examination to be made of the facts stated in such petition and in the answer thereto. After such examination, and on March 21, 1924, he directed the board of education to provide for the transportation of the children residing in the locality specified in the petition and to pay for the same out of any moneys available for that purpose; in the event there

**208** People ex rel. Bd. of Education *v.* Graves.

[243 N. Y. 204]     Opinion, per McLaughlin, J.     [July,

were no such moneys, he directed the board to raise the same by a tax upon the taxable property of the district.

The board, instead of obeying the order, called a meeting of the qualified voters of the district to consider the proposition of providing funds for the purpose stated, and such proposition was voted down by a majority of those present.

Thereafter, the board took no further action and on May 26, 1924, the Acting Commissioner of Education ordered and directed the county treasurer of Suffolk county " to withhold * * * the public moneys apportioned to District No. 2 Brookhaven from the apportionment to common schools until this order is rescinded."

The board then applied to and obtained from the Supreme Court an order of certiorari to review the orders of the Commissioner and the Acting Commissioner. The order of certiorari, after a hearing at Special Term, was vacated. From such order an appeal was taken by the board to the Appellate Division where the same was reversed on the law, one of the justices dissenting, and leave to appeal to this court denied. The determination of the Commissioner and the Acting Commissioner should be confirmed.

The order of reversal, as appears from the opinions of two of the justices, was upon the ground that the Commissioner did not have power, under the Education Law, to direct the board to provide the necessary funds for the transportation of the children in question or the power to direct the county treasurer to withhold the public moneys from the district. This view, it seems to me, is erroneous when the provision of the Constitution relating to the common schools of the State and the provisions of the Education Law are considered. The Constitution provides that the " Legislature shall provide for the maintenance and support of a system of free common schools, wherein all the children of this State may be

educated." (Art. 9, sec. 1.) The Education Law was enacted to the end that this constitutional provision might be fully and fairly carried out. Such law cannot be complied with unless means are furnished for transporting the children mentioned in the petition to and from the school building. Under such circumstances, the Education Law provides that the Commissioner has the power to compel a board of education to act, the district meeting having previously refused to do so.

Section 20 of the Education Law provides that the Commissioner, by section 94 of the act, is the chief executive officer of the State system of education and as such is charged with the management and supervision of the public schools and all of the educational work of the State.

The Education Law permits the formation of small school districts into a union free school district, and once the formation of such district has taken place the board of education therein is given broad powers to the end that " all of the children " of the district may " be educated." If a board of education is derelict in its duty in this respect, or refuses or neglects to carry out the object for which the district has been formed, the Commissioner, under the Education Law, is clothed with power to compel action. (Sec. 890, formerly 880.) This section provides, among other things, that any person conceiving himself aggrieved by the action of any school district meeting or by " any other official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter, or any other act pertaining to common schools " may appeal to the Commissioner of Education, who is authorized and required to examine and decide the question involved. The action of the Commissioner in passing upon such appeal is " final and conclusive, and not subject to question or review in any place or court whatever." (*Bullock* v. *Cooley,* 225 N. Y. 566, p. 577; *Barringer* v. *Powell,* 230

14

N. Y. 37; *People ex rel. Hylan* v. *Finegan,* 227 N. Y. 219; *People ex rel. Jennings* v. *Finley,* 175 App. Div. 204.)

But it is suggested that the Commissioner did not have jurisdiction to make the order directing the transportation of the children referred to because such question was not, before the order was made, submitted to a district meeting. (Education Law, sec. 206, subd. 18.) This suggestion is not sustained by the uncontradicted facts. The petition before the Commissioner alleged that " once the question came up before a district meeting and was turned down." The board of education, in answering the petition, did not deny this allegation. The Commissioner held, as appears from his decision, that the matter of transportation was not only before the board but that it had been before a district meeting and no affirmative action had been taken thereon. To say, therefore, that the order of the Commissioner was predicated upon an appeal only from the action of the board is contrary to the facts and to the finding of the Commissioner. He substituted his judgment for the judgment of the district, as he had a right to do, and ordered the board to act accordingly.

Section 891 of the Education Law (formerly 881) gives the Commissioner power to regulate all appeals and to make all orders, by directing the levying of taxes or otherwise, which may be proper or necessary to give effect to his decisions. That he has this power cannot be seriously questioned. Such power is essential for the proper administration of the school system and is expressly conferred upon the Commissioner by subdivision 4 of said section 891. Unless it be held that the Commissioner has this power, a school district, by refusing to vote a tax for the maintenance of a public school could thereby deprive the children of school age in the district of any education whatever and nullify the constitutional provision hereinbefore quoted.

I have no doubt that the construction which I have

put upon the statute is the correct one. The statute itself seems to indicate a legislative intent to this effect and any doubt as to what was intended has been removed by the Legislature since this proceeding was instituted, by the passage of chapter 634 of the Laws of 1925. This act, in terms which cannot be misunderstood, specifically confers upon the Commissioner the power to direct the transportation of children of school age in a union free school district. While such act is not applicable to the present appeal, nevertheless it can be considered in connection with what the Legislature intended by the Education Law in force before that act was passed.

After a very careful consideration of the Education Law, having in view the purposes sought to be accomplished by it, I am clearly of the opinion that the Commissioner had jurisdiction of the subject-matter and the power to make the orders in question.

The order of the Appellate Division should be reversed and the determination of the Commissioner and Acting Commissioner confirmed, with costs in this court and in the Appellate Division.

Hiscock, Ch. J., Cardozo, Pound, Crane and Lehman, JJ., concur; Andrews, J., absent.

Ordered accordingly.