In the Matter of the Application of SARAH LEVITCH, as Administratrix of the Estate of RAY L. LEVITCH, Deceased, Respondent, against THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.

**Education Law — schools — teachers — jurisdiction — Commissioner of Education has jurisdiction to hear appeal of teachers though construction or application of statute is involved — decision of Commissioner, on appeal, that teacher was not entitled to notice and hearing before removal, final and conclusive.**

1. Under section 890 of the Education Law (Cons. Laws, ch. 16) the Commissioner of Education has jurisdiction to hear the appeal of any person aggrieved who has been refused pay·as a teacher or been affected by the decision of any school authority, notwithstanding the fact that the question may involve the construction or application of a statute, and his decision is final and conclusive.

2. Where, therefore, a teacher in the public schools of the city of New York, who had been removed from her position, appealed to the Commissioner of Education, who was thereby called upon to decide whether her position had been such as to entitle her to notice and hearing before removal, pursuant to section 872 of the Education Law, which question he decided against her, his decision is final and she and, after her death, her substituted representative are barred from resorting to the courts.

*Matter of Levitch* v. *Bd. of Education*, 216 App. Div. 391, reversed.

(Argued September 28, 1926; decided October 5, 1926.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 6, 1926, which reversed an order of Special Term denying a motion for a peremptory order of mandamus to compel reinstatement of a teacher in the public schools of the city of New York.

*George P. Nicholson,* Corporation Counsel (*John F. O'Brien, Elliot S. Benedict* and *Thomas W. A. Crowe* of counsel), for appellant. The determination by the Commissioner of Education pursuant to section 890 of the Education Law on appeal to him by a teacher, concerning her dismissal and her status as the holder of a license, whether temporary or permanent, under section 872 of the Education Law and her right to reinstatement and salary, is final and conclusive against her. (Education Law, § 890; *People ex rel. Light* v. *Skinner,* 159 N. Y. 162; *Bullock* v. *Cooley,* 225 N. Y. 566; *People ex rel. Hylan* v. *Finegan,* 227 N. Y. 219; *Barringer* v. *Powell,* 230 N. Y. 37; *People ex rel. Yale* v. *Eckler,* 19 Hun, 609; *People ex rel. Walrath* v. *O'Brien,* 112 App. Div. 97; *People ex rel. O'Connor* v. *Board of Education,* 196 App. Div. 810; 232 N. Y. 561; *People ex rel. Bd. of Education* v. *Finley,* 211 N. Y. 51; *Matter of Hirshfield* v. *Cook,* 227 N. Y. 297.)

*Helen P. McCormick* for respondent. A decision of the Commissioner of Education is not final or binding on

this court in matters involving statutory rights of teachers employed in the public schools of the State of New York. (*Matter of O'Connor* v. *Emerson,* 196 App. Div. 207; *People ex rel. Hylan* v. *Finegan,* 227 N. Y. 219; *People ex rel. Bd. of Education* v. *Finley,* 211 N. Y. 51; *Matter of Hirshfield* v. *Cook,* 227 N. Y. 297; *People ex rel. Merrall* v. *Cooley,* 75 Misc. Rep. 188.)

*Per Curiam.* Assuming, without deciding, that Ray L. Levitch was removed unlawfully from her employment as a school teacher under section 872, subdivision 3, of the Education Law (Cons. Laws, chap. 16), she having appealed to the Commissioner of Education, the decision was final and conclusive upon her. Under section 890, formerly section 880, the Commissioner had jurisdiction to hear the appeal of any person aggrieved who had been refused pay as a teacher or had been affected by the decision of any school authority. The fact that the question may have involved the construction or application of a statute did not deprive him of jurisdiction. (*Barringer* v. *Powell,* 230 N. Y. 37, 43.)

The Education Law specifically makes the Commissioner's decision final and conclusive. There is nothing here to show that his action was purely arbitrary. He was called upon to decide whether the teacher by reason of her various appointments and service came within the provisions of section 872, entitling her to notice and hearing before removal. He decided that she did not hold such a permanent position. Having appealed to the Commissioner, the petitioner and her substituted representative were barred from resorting to the courts What her rights would have been if she had not appealed to the Commissioner we do not determine. His conclusion was final. (*Matter of O'Connor* v. *Emerson,* 196 App. Div. 807, 810; affd., 232 N. Y. 561; *Bullock* v. *Cooley,* 225 N. Y. 566, 576; *People ex rel. Board of Education* v. *Finley,* 211 N. Y. 51.)

The order of the Appellate Division should, therefore, be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur; LEHMAN, J., absent.

Judgment accordingly.