In the Matter of the Application of EMMITT RHYNEHART, Petitioner, for a Mandamus Order against ALBERTA SPAULDING, Respondent.

Supreme Court, Chemung County, September 8, 1930.

*Wilcox & Lyon,* for the petitioner.

*Arthur R. Ellison,* for the respondent.

PERSONIUS, J. School districts Nos. 7 and 1 of the town of Montour, Schuyler county, voted at their respective annual meetings to employ the petitioner to transport pupils of the said districts to schools in Montour Falls. The petitioner submitted proposed contracts to the respondent (district superintendent of schools) for approval, pursuant to section 206, subdivision 18, of the Education Law (as amd. by Laws of 1930, chap. 104). The respondent failed to approve said contracts and the petitioner asks for an order directing the respondent to do so. The respondent filed an answer on the merits and argues that this court has no jurisdiction, the petitioner's only relief being by appeal to the Commissioner of Education. We think this argument must prevail.

Section 890 of the Education Law provides generally for appeals to the Commissioner of Education. The respondent is known as " district superintendent of schools," also as " school commissioner." (Education Law, § 380 and § 2, subd. 6.) Appeals from her acts, or failure to act, are also expressly authorized by section 398 (added by Laws of 1910, chap. 607). Other sections of the Education Law provide for appeals to the Commissioner of Education, for instance, section 304.

The question of the jurisdiction of the Commissioner of Education over matters connected with the schools has resulted in much litigation. The Court of Appeals has evolved the rule that all matters pertaining to the general school system of the State, the administration of the schools or Department of Education, its policies and methods, are placed within the authority and control of the Department of Education and removed as far as possible from controversies in the courts. (*Bullock* v. *Cooley,* 225 N. Y. 566, 576, 577.) In *People ex rel. Bd. of Education* v. *Finley* (211 N. Y. 51, at p. 57) the court said: " By our State system of education protected by the Constitution and developed by much study and experience, the *commissioner of education is* made the practical administrative head of the system, and in the exercise of sound wisdom, as we believe, the Legislature has deemed it best to make

him the final authority in passing on many questions bound to arise in the administration of the school system, and has provided an expeditious and simple method by which a disposition of such questions could be reached through appeal to him." In *Barringer* v. *Powell* (230 N. Y. 37, 43) the court said: "Both the appellant and respondents were agents of the education department for the purpose of conducting the State's system of education under the provisions of the Education Law. * * * It has frequently been held, under such circumstances, that the statute confers upon the Commissioner of Education power to review, on the petition of a person aggrieved, any decision mentioned in the Education Law. * * * The purpose of the statute, obviously, was to place upon the commissioner the supervision and control of the public school system and in the matters committed to his charge to make his decision final."

It is difficult to reconcile all the decisions of the lower courts and, in view of these general rules promulgated by the Court of Appeals, an attempt to do so would be of little use.

Applying the rule, we inquire whether the parties here involved were agents of the Education Department for the purpose of conducting the State's system of education. Does the matter pertain to the general school system of the State? We think it does. The Commissioner has power to direct the transportation of children in the union free school district. (*People ex rel. Bd. of Education* v. *Graves*, 243 N. Y. 204, 211.) The making of contracts for transportation is provided for by section 206, subdivision 18. By the amendment thereto (Laws of 1929, chap. 256), the contract must be approved by the superintendent of schools. The Commissioner of Education may direct a district to provide conveyance for the transportation of children, and, where the district fails to do so, may withhold public moneys. (*People ex rel. Bd. of Education* v. *Graves*, *supra*.) Such transportation, therefore, seems clearly to be a part of the State's system of education, committed to the charge of the Commissioner of Education. If this be true, he has jurisdiction of matters pertaining to such transportation. (*People ex rel. Cherry* v. *Graves*, 219 App. Div. 563, 569.)

The jurisdiction of the Commissioner of Education has been limited in certain particulars but not in matters like this which involve the administration of the school system of the State. In *People ex rel. Hylan* v. *Finegan* (227 N. Y. 219) the controversy was between the city of New York and the Department of Education and involved the disposition of school moneys. It was held that the city of New York did not stand in the position of an agency of the Department of Education. (See, also, *Matter of Hirshfield* v. *Cook*, 227 N. Y. 297.) Both these cases held in substance that

the matter in controversy was outside of the Department of Education and that, therefore, the Commissioner of Education did not have exclusive jurisdiction, but both cases recognized that as to matters connected with the administration of the educational system, the Commissioner has such jurisdiction. In the *Finegan* case (at p. 224) the court said: " The commissioner of education is, by statute, made its executive director and charged with the general duty of overseeing its administration. It, of course, was and is inevitable that constant controversies should arise in the administration of this system. And so for many years it has been deemed a wise policy to confer upon the commissioner of education the jurisdiction and power summarily to decide such controversies. This policy now largely finds expression in the provisions of section 890, which is claimed as the authority for the proposed action of the Commissioner. That section undoubtedly does confer upon the Commissioner an extended quasi-judicial power to determine controversies. * * * It gives the commissioner power of deciding controversies arising from the action or failure of action of bodies or individuals generally or, for the time being, made agencies of the education department and which are subject to the undisputed authority of the Education Law and bound to obey its commands." In the *Hirshfield* case the court said (p. 309): " This court has recently held in substance that the commissioner of education * * * can, within the jurisdiction of such commissioner, determine matters of school policy and administration, and in doing so is not subject to review by the courts."

Petitioner here cites cases holding that the Commissioner did not have exclusive jurisdiction of a question involving the interpretation of a statute, but the Court of Appeals, in 1926, held the contrary. (*Matter of Levitch* v. *Board of Education*, 243 N. Y. 373, 375.) Other cases indicate that in matters involving the adoption of a budget and the levying of a tax therefor a taxpayer had the right to appeal to the courts, but in *Brooks* v. *Wyman* (220 App. Div. 204; affd., 246 N. Y. 534) and *Lewis* v. *Smith* (109 Misc. 694; affd., 190 App. Div. 884) this was denied on the ground that the plaintiff's " exclusive remedy " was to appeal to the Commissioner of Education.

The petitioner here also argues that it is only where an appeal has been taken to the Commissioner that his decision will not be reviewed, and that where, as here, no such appeal has been taken, resort may be had to the courts, but in the *Lewis* and the *Brooks* cases (*supra*) no appeals had been taken, and the plaintiffs resorted in the first instance to the courts. In each case the complaint was

dismissed. (See, also, *People ex rel. Peixotto* v. *Board of Education*, 160 App. Div. 557, 562; affd., 212 N. Y. 463.)

The petitioner here urges *Matter of McCarthy* (106 Misc. 193). The case was reversed in 188 Appellate Division, 930, but not on the ground of jurisdiction. It involved the construction of the Civil Service Law and was several times cited upon the proposition that the Commissioner of Education did not have exclusive jurisdiction over a question involving the interpretation of a statute. (*Matter of Levitch* v. *Board of Education*, 216 App. Div. 391, 392.) This proposition was, however, disapproved by the Court of Appeals when it reversed the *Levitch* case in 243 New York, 375.

We think the question here grows out of the administration of the education system and department of the State of New York, and that the Commissioner of Education, therefore, has exclusive jurisdiction to hear it.

Petitioner's application for mandamus is denied.

Submit order accordingly.