In the Matter of the BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 9, TOWN OF SAUGERTIES, Petitioner, against LEWIS A. WILSON, as Acting Commissioner of Education of the State of New York, et al., Respondents.

Supreme Court, Special Term, Ulster County, March 9, 1951.

*Louis P. Francello* for petitioner.

*Charles A. Brind, Jr., John P. Jehu* and *Elizabeth M. Eastman* for Lewis A. Wilson, as commissioner, respondent.

TAYLOR, J.  On July 11, 1950, at the annual meeting held for School District No. 9, Town of Saugerties, a resolution authorizing transportation for children attending the parochial school in said district was defeated by the qualified voters thereof by the vote of 104, in opposition, to 18, in favor.  On July 19, 1950, Emily Spada, a qualified voter therein, appealed the decision of the district meeting to the respondent acting commissioner who, after an answer was filed by the petitioner board of education of the school district, directed it to provide such transportation and to pay the reasonable cost thereof.

The petitioner seeks by this application under article 78 of the Civil Practice Act to avoid the acting commissioner's order and determination on the grounds that he has acted arbitrarily, unreasonably, capriciously and illegally.

The petition does not state facts in support of the allegations made therein on information and belief that the determination of the acting commissioner was capricious, unreasonable or arbitrary.  A mere conclusion to that effect is insufficient to present any issue.  Section 1288 of the Civil Practice Act requires a plain and concise statement of the material facts on which the petitioner relies.

The petition, however, sufficiently raises the question of the power of the acting commissioner to make the order.  Such a question is always the subject of judicial review.  (*Matter of*

*Camfield* v. *Mealy,* 288 N. Y. 149; *Matter of Fabricius* v. *Graves,* 254 App. Div. 19; *Matter of Craig* v. *Board of Educ. of City of N. Y.,* 173 Misc. 969, affd. 262 App. Div. 706; *People ex rel. Bd. of Educ.* v. *Graves,* 243 N. Y. 204.) That he had the power to make the order in question was determined in *People ex rel. Bd. of Educ.* v. *Graves* (*supra*).

The constitutional limitation which formed the basis of the decision in *Judd* v. *Board of Educ.* (278 N. Y. 200) was removed by the adoption of the constitutional amendment (N. Y. State Const., art. XI, § 4) which now permits the Legislature to provide for the transportation of children to and from any school or institution of learning, including private or parochial schools, and it has done so. (L. 1939, ch. 465.)

The petition must be and is dismissed, without costs.

Submit order.