In the Matter of FRANK W. BEAM et al., Petitioners, against LEWIS A. WILSON, as Commissioner of Education of the State of New York, et al., Respondents.

Supreme Court, Special Term, Rensselaer County, March 14, 1951.

*Travis & Whiting* for petitioners.

*Charles A. Brind, Jr., John P. Jehu* and *George B. Farrington* for Lewis A. Wilson, as Commissioner of Education, respondent.

*Palmer, Hankin & Shaw* for Board of Education of Central School District No. 1 of Towns of Conklin, Binghamton, Kirkwood and Vestal, respondent.

TAYLOR, J. This is an application pursuant to article 78 of the Civil Practice Act for an order reviewing and annulling the determination of the Commissioner of Education which

dismissed an appeal from the action of a special school district meeting held on the 28th day of June, 1950, at which meeting a proposition was adopted to organize Central School District No. 1 of the Towns of Conklin, Binghamton, Kirkwood and Vestal, County of Broome, State of New York.

The Commissioner of Education, by order dated June 5, 1950, laid out the said central school district pursuant to section 1801 of the Education Law. On June 13, 1950, he issued a notice of a special meeting to be held on June 28, 1950, to vote on the proposition of centralization and specified that the meeting was to convene at 10:00 A. M. and the balloting was to continue until 8:00 P. M., eastern daylight saving time.

Paragraph b of subdivision 1 of section 1802 of the Education Law requires that " The commissioner shall cause notice of such meeting to be posted at least ten days before the meeting in three conspicuous places in each school district wholly or partly within the central school district. In addition to the posting of such notice, a copy thereof shall be published at least three days before the meeting in a daily or weekly newspaper published within the territory or in a newspaper circulating therein."

The petitioners are residents of the county of Broome and were persons entitled to vote at the aforesaid meeting. After the meeting had been held and the resolution adopted by a majority of the qualified voters, they appealed to the commissioner on the ground that the published notice erroneously and incorrectly stated the hours of voting pursuant to the order of the commissioner as between the hours of 10:00 A. M. and 10:00 P. M. on June 28, 1950, and that as a result thereof, there was no legal publication of a valid notice as required by the statute.

The commissioner does not deny that the notice published on June 24, 1950, the date that was at least three days before the meeting as required by the statute (Education Law, § 1802), was incorrect in that it did not state the accurate closing time of the polls as contained in his order. He, however, found that ample notice had been given to the voters correctly stating the hours of closing in such a fashion that no one could actually have been misled, that the posted copies were correct, that announcements at public meetings and over the radio as well as published copies in all but one edition published on June 27, 1950, gave the true information. Applying the language of section 2009 of the Education Law, the commissioner found that

the record did not disclose any evidence of willfulness or fraud in the omission to comply literally with the statute, that all possible steps were taken to get as great attendance at the meeting as possible and that under the circumstances, minor technical irregularities must be disregarded. Accordingly, he dismissed the appeal.

Petitioners contend that section 2009 is inapplicable, does not excuse full compliance with sections 1801–1808 of the Education Law and applies exclusively to district meetings.

When the Commissioner of Education lays out a central school district (Education Law, § 1801), it becomes such the instant he issues the order creating it. " A conclusion that meetings of this kind are not school meetings or that there is not an existing school district irrespective of the action of the school meeting is without any basis in fact." (*Finley* v. *Spaulding,* 274 App. Div. 522, 525.)

The commissioner is authorized and required to examine and decide appeals and petitions by persons conceiving themselves aggrieved by action taken at any school district meeting and his decision in such appeals, petitions and proceedings is final and conclusive and not subject to question or review in any place or court whatever (Education Law, § 310; *People ex rel. Bd. of Educ.* v. *Graves,* 243 N. Y. 204; *Barringer* v. *Powell,* 230 N. Y. 37; *People ex rel. Hylan* v. *Finegan,* 227 N. Y. 219; *Bullock* v. *Cooley,* 225 N. Y. 566; *People ex rel. Jennings* v. *Finley,* 175 App. Div. 204) except when it is shown purely to have been arbitrary or palpably illegal. (*Matter of Levitch* v. *Board of Educ. of City of New York,* 243 N. Y. 373; *Matter of Fabricius* v. *Graves,* 254 App. Div. 19; *Matter of Marburg* v. *Cole,* 286 N. Y. 202; *Matter of Bd. of Educ. of Union Free School Dist. No. 1* v. *Spaulding,* 277 App. Div. 809.) It is not enough to argue or prove that something else would have been preferable or more desirable, or that a court would have made the decision differently. (*Matter of Bd. of Educ. of Union Free School Dist. No. 1* v. *Spaulding, supra; Matter of Erlanger* v. *Regents of Univ. of State of N. Y.,* 256 App. Div. 444.) The fact that the question may have involved the construction or application of a statute does not deprive him of jurisdiction. (*Matter of Levitch* v. *Board of Educ. of City of New York, supra,* p. 375; *Barringer* v. *Powell, supra,* p. 43; *Matter of Craig* v. *Board of Educ. of City of New York,* 173 Misc. 969, affd. 262 App. Div. 706.)

The commissioner's decision has not been shown to have been arbitrary. Applying the language of section 2009 of the Education Law, which was applicable to the question before him (cf. *Finley* v. *Spaulding, supra,* p. 525), I find his determination entirely justifiable.

The petition is therefore dismissed, without costs.

Submit order.