In the Matter of FRANK W. BEAM et al., Appellants, against LEWIS A. WILSON, as Commissioner of Education of the State of New York, et al., Respondents.

Third Department, January 9, 1952.

278

*Kenneth Paul Whiting, Jr.*, for appellants.

*Charles A. Brind, Jr., John P. Jehu* and *George B. Farrington* for Lewis A. Wilson, as Commissioner of Education, respondent.

*Frank C. Shaw* for Board of Education of Central School District No. 1 of the Towns of Conklin, Binghamton, Kirkwood and Vestal, Broome County, New York, respondent.

Coon, J.  On June 5, 1950, the Commissioner of Education laid out a central school district known as Central School District No. 1, of the Towns of Conklin, Binghamton, Kirkwood and Vestal, Broome County, and thereafter he called a special meeting to be held on June 28, 1950, to vote on the organization of such district.  The order specified that the meeting convene at 10:00 A.M., and that the polling was to continue until 8:00 P.M.

Paragraph (b) of subdivision 1 of section 1802 of the Education Law provides, with reference to notice of such a meeting, as follows:  " The commissioner shall cause notice of such meeting to be posted at least ten days before the meeting in three conspicuous places in each school district wholly or partly

within the central school district. In addition to the posting of such notice, a copy thereof shall be published at least three days before the meeting in a daily or weekly newspaper published within the territory or in a newspaper circulating therein.''

Pursuant thereto notices were posted and published timely. However, the newspaper publication on June 24, 1950, June 25, 1950, and in the first edition on June 26, 1950, erroneously stated the closing hour to be 10:00 P.M., instead of 8:00 P.M. In all other respects the notice was proper. The error was discovered, and in the second and third editions on June 26th and all editions on June 27th, stated the correct closing hour. The posted notices stated the correct hours. No willful or fraudulent act or omission is involved, only inadvertent error. That error is the sole basis of petitioners' claim for relief. They assert that the subsequent meeting was a nullity, and specifically contend that because the only notice published three days before the meeting contained the error, there was a fatal failure to comply with the statute.

The meeting was held and the organization of the district was approved by a vote of 781 to 654. Petitioners, qualified voters of the district, appealed to the commissioner seeking to have the entire meeting and its results declared void. The appeal was heard and dismissed. Petitioners then brought this proceeding to review the decision of the commissioner. From the order of the Special Term confirming the commissioner's decision and dismissing the proceeding on its merits, petitioners have appealed to this court.

The commissioner has found that, despite the conceded error, ample notice of the correct closing hour had been given — officially by the posted notices and some of the published notices — unofficially by news accounts in newspapers, public meetings held throughout the month of June at various points in the district, pamphlets distributed at those meetings, and numerous radio announcements. He has found substantial compliance with the statute. The record clearly indicates that the correct hours were given wide publicity. There can be no doubt that every eligible voter who desired to vote should have known the correct hours, and, in all reasonable probability, did.

Petitioners challenge the authority of the commissioner to make the ruling he did, even in such circumstances. It has been repeatedly said by the courts that the Commissioner of Education must have and does have exceedingly wide powers in any matter relating to the vast educational system of the State.

The Legislature has authorized the commissioner to hear and decide appeals and petitions in matters pertaining to school district meetings, and has provided that his decisions in such matters are final and conclusive and not subject to question or review in any place or court whatever. (Education Law, § 310.)

Moreover, section 2009 of the Education Law is applicable to this situation. It reads as follows: " The proceedings of no district meeting, annual or special, shall be held illegal for want of a due notice to all the persons qualified to vote thereat, unless it shall appear that the omission to give such notice was wilful and fraudulent." Petitioners urge that this section is not applicable because the district was not yet in existence, and that this was not a district meeting. In *Finley* v. *Spaulding* (274 App. Div. 522, 525), this court has held otherwise, saying in part: " The Commissioner of Education lays out a central school district. It is a school district the instant he issues an order. It would have to be a school district in order that there be a school meeting of the district to pass upon the question as to whether such district should be organized. Organization merely means that a board of education and other officials be elected with authority to establish a central school for pupils of the central school district. It is necessary that it be a ' school district ' and a school meeting within the district in order that the qualifications of voters be established."

It does not appear that the decision of the commissioner was in any way arbitrary or capricious.

The order appealed from should be affirmed, without costs.

Foster, P. J., Heffernan, Brewster and Bergan, JJ., concur.

Order affirmed, without costs.