Arthur STEIER, Plaintiff,

v.

NEW YORK STATE EDUCATION COM-
MISSIONER, New York City Board of
Higher Education and Brooklyn Col-
lege, Defendants.

Civ. No. 18310.

United States District Court
E. D. New York.
April 24, 1958.

George L. Hubbell, Jr., New York City,
by Charles Brind, Jr., Albany, N. Y., of
counsel, for defendant Commissioner of
Education of State of New York.

Peter Campbell Brown, Corporation
Counsel of City of New York, New York
City, by Joseph Gibbons, Asst. Corpora-
tion Counsel, Brooklyn, N. Y., of coun-
sel, for defendants Board of Higher Ed-
ucation of City of New York and Brook-
lyn College, for the motion.

Arthur Steier, in pro. per. in opposi-
tion.

RAYFIEL, District Judge.

The plaintiff, formerly a student at
Brooklyn College, was dismissed there-
from on charges hereinafter mentioned.
Pleading and conducting his case in per-
son, he commenced this action under
Subd. 3 of Section 1343 of Title 28 U.S.
Code to obtain redress for the depriva-
tion, without due process of law, of his
right to freedom of speech and the equal.

protection of the law, in contravention of the Fourteenth Amendment of the Constitution of the United States. The answer denies generally the allegations of the complaint and asserts several separate defenses.

The defendants, Board of Higher Education of the City of New York, sued herein as New York City Board of Higher Education, and hereinafter referred to as The Board, Brooklyn College, and the Commissioner of Education of the State of New York, hereinafter referred to as The Commissioner, have moved to dismiss the action on the following grounds:

(1) that the complaint fails to state a claim against the defendants, The Board and Brooklyn College, upon which relief can be granted:

(2) that the plaintiff has heretofore appealed to The Commissioner from decisions of The Board and Brooklyn College on the same grounds as those urged in the complaint, and has been denied relief; and

(3) that the complaint fails to show the deprivation by The Board or Brooklyn College, under the authority of any State statute, ordinance, rule or regulation, of any right, privilege or immunity secured to the plaintiff by the Constitution of the United States, or by any federal statute providing for equal rights of all persons within the jurisdiction of the United States.

■ Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C., under which this motion was brought, provides, *inter alia*, that the defense numbered (6) thereunder may, at the option of the pleader, be made by motion "before pleading if a further pleading is permitted". While the defendants have already answered the complaint that objection may be disregarded, inasmuch as matters outside the pleading have been presented to the Court, and Rule 12(b) provides that in such an event a motion asserting that defense—the failure to state a claim upon which relief can be granted—"shall be treated as one for summary judgment

and disposed of as provided in Rule 56," of said Rules.

In the case of Boro Hall Corporation v. General Motors Corporation, 2 Cir., 124 F.2d 822, wherein a motion was made to dismiss the complaint, the Court said, at page 823, "The motion to dismiss the complaint was accompanied by an affidavit which in turn was answered by the plaintiff without raising any material issues of fact. We see no reason why the application should not be treated as one for summary judgment under Section 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. But even if the motion were regarded as made under Section 12(b) of the rules, we have held that affidavits might be employed. Central Mexico Light & Power Co. v. Munch, 2 Cir., 116 F.2d 85, 87. See also Gallup v. Caldwell, 3 Cir., 120 F.2d 90, 92." In the instant case, to an even greater extent than in the Boro Hall case, supra, the pleadings were supplemented by numerous letters, documents and exhibits. See also Samara v. United States, 2 Cir., 129 F.2d 594, 597.

The facts, so far as they are beyond substantial dispute, are, briefly stated, as follows: in March, 1955 the plaintiff, who entered Brooklyn College as a student in 1952, was suspended for the remainder of the semester by the Dean of Students for breaches of discipline. Following a period of probation he was reinstated in September, 1955, on condition, however, that he discontinue certain practices and activities, which, in part, had resulted in his suspension.

On September 21, 1956, after several infractions of the conditions of his probation, he was again suspended by the Dean. After each such suspension he appealed to the President of Brooklyn College, whose decision in cases involving appeals from suspensions is final. The President sustained the Dean in each case.

Following his second suspension the plaintiff and his parents wrote several letters to the President and other officials of Brooklyn College respecting his sus-

pension, requesting his reinstatement. He continued, however, to engage in many of the practices and activities which had been the basis of his suspensions, included among which was the deposit by him on December 6, 1956, in staff and student mail boxes at the College of a letter, many thousands of words in length, bearing his signature, and addressed to "To Whom It May Concern," containing uncomplimentary comment concerning several officers of Brooklyn College, and their official conduct in the matter of his suspensions.

On December 10, 1956, the plaintiff sent an application to the Dean by registered mail, requesting his reinstatement. The application was referred to the Faculty Committee on Orientation and Guidance of the College for consideration and advice. That Committee held a hearing thereon on December 13, 1956, at which the plaintiff was present. He was permitted to make a statement in his behalf. The Committee after considering the application, and plaintiff's activities and conduct since his first suspension, unanimously recommended to the Faculty Council, of which the President is Chairman, that the plaintiff be dismissed from Brooklyn College.

On December 18, 1956, the Faculty Council approved the recommendation of the Committee on Orientation and Guidance that the plaintiff be dismissed from the College, effective at the end of that semester, and on December 20 the President wrote him, informing him of his dismissal, and advising him that the by-laws of The Board provided that an appeal may be made to it from the decision dismissing him from the College. On January 26, 1957, the plaintiff appealed to The Board.

It should be noted here that the public colleges of The City of New York, of which Brooklyn College is one, constitute a unit of the public school system of the State of New York. Under Section 6202 of the Education Law of the State of New York The Board, a body corporate separate and distinct from the Board of Education of The City of New York, which administers the affairs of the public elementary and secondary school system, is authorized to govern and control those educational institutions in the City which are of collegiate grade. Included among the powers and duties of The Board provided by Section 6202 of said Law is the power to "prescribe conditions of student admission, attendance and discharge". The Board has prescribed such conditions, which, so far as they are here pertinent, are contained in Sections 214a, 216 and 217 of its by-laws. Section 214a provides, *inter alia*, that each student obey all the rules, regulations and orders of the duly established college authorities, and shall conform to the requirements of good manners and good morals. Section 216 provides that, in the event of the violation of such rules, regulations or requirements, the Dean may reprimand the student involved, suspend him for a period not exceeding one term, or deprive him of certain college privileges. He may also *recommend* the dismissal of the student, but such disciplinary action may be *imposed* only by the President, or by the votes of a majority of the members of the Faculty Council. Section 217 provides that the student involved in disciplinary action by the Dean or the Faculty Council may appeal to the President, whose decision is final, except in the case of a dismissal, in which event appeal may be made to The Board.

On February 4, 1957, the then Chairman of The Board, the late Joseph B. Cavallaro, wrote the plaintiff, informing him that pursuant to Section 217, supra, The Board would consider his appeal at its next meeting, to be held on February 18, 1957, suggesting that the plaintiff appear on that occasion, and enclosing a copy of the report of the Faculty Committee on Orientation and Guidance, on the basis of which he had been dismissed. The plaintiff and his mother, who asked for leave to speak in his behalf, were afforded a hearing, and on February 19, 1957, The Board, after a review of the matter, rendered its decision denying his appeal.

Under the Education Law, supra, the Education Department of the State of New York is charged with the general management and supervision of all the public schools in the State, and The Commissioner is the chief executive and administrative officer of the Department. Section 310 of said Law provides that in a case such as the instant case a "person conceiving himself aggrieved may appeal or petition to the commissioner of education who is hereby authorized and required to examine and decide the same, * * * and his decision in such appeals, petitions or proceedings shall be final and conclusive, and not subject to question or review in any place or court whatever."

Pursuant to the authority vested in him by Section 311 of said Law, the Commissioner promulgated rules and practice relating to appeals. In accordance with such rules and practice the plaintiff filed his petition on appeal on May 3, 1957. An answer thereto was filed by the Dean of Brooklyn College, and the plaintiff then filed his reply to said answer, together with a number of other documents. In conformity with the privilege granted by Rule 18 of the Commissioner's aforementioned rules and practice, the plaintiff and a representative of The Board were permitted to and did argue their respective contentions orally on June 13, 1957. On August 29, 1957, the Commissioner rendered his decision, sustaining the action of The Board and dismissing the appeal.

On October 3, 1957, the plaintiff made an application to reopen his appeal, based on what he claimed to be "new evidence and positive proof of misapprehension in the original decision," and, in support of his application, submitted rather voluminous documents, in large measure repetitious of those previously filed herein. That application was denied on the ground that the plaintiff had failed to present a sufficient basis therefor.

The question to be determined, then, is: Was the plaintiff deprived, under color of the applicable State statute, of any right guaranteed to him under the Constitution of the United States, more particularly the 14th Amendment thereof.

The plaintiff, aggrieved, as he stated he was, by the action of The Board, had three remedies available to him. He could have (1) sought relief from this Court, or (2) commenced a proceeding under Article 78 of the Civil Practice Act of the State of New York to review his dismissal, or (3) appealed to The Commissioner pursuant to the provisions of Section 310, supra, the constitutionality of which, it may be added, has been sustained. See Barringer v. Powell, 230 N.Y. 37, 128 N.E. 910 and Bullock v. Cooley, 225 N.Y. 566, 122 N.E. 630. He chose the last-mentioned course.

Copies of all documents filed by The Board, including the charges made against the plaintiff by the Brooklyn College authorities, were served upon him. He was permitted to, and did file numerous documents and exhibits in his own behalf and argued orally at the hearing on his appeal. In summary, as the record clearly indicates, the plaintiff has been granted hearings by or interviews with the Dean, the Faculty Committee on Orientation and Guidance, the Faculty Council and the President of Brooklyn College, The Board and the Commissioner. In each such step he was informed of the nature of the charges made against him, and was afforded an opportunity to file papers and argue orally in opposition thereto. At the hearing before the Commissioner the same rights and privileges prescribed by the rules which were available to The Board were equally available to the plaintiff.

In the case of Beam v. Wilson, 200 Misc. 183, 108 N.Y.S.2d 939, at page 942, affirmed 279 App.Div. 277, 110 N.Y.S.2d 94, the Court said, "The commissioner is authorized and required to examine appeals and petitions by persons conceiving themselves aggrieved * * * and his decision in such appeals, petitions and proceedings is final and conclusive and not subject to question or review in any place or court whatever, Education Law,

§ 310; People ex rel. Board of Education, etc. v. Graves 243 N.Y. 204, 153 N.E. 49; Barringer v. Powell, 230 N.Y. 37, 128 N.E. 910; People ex rel. Hylan v. Finegan, 227 N.Y. 219, 125 N.E. 97; Bullock v. Cooley, 225 N.Y. 566, 122 N.E. 630; People ex rel. Jennings v. Finley, 175 App.Div. 204, 161 N.Y.S. 817, except when it is shown purely to have been arbitrary or palpably illegal."

In the proceeding O'Brien v. Commissioner of Education of State of New York, 4 N.Y.2d 140, 173 N.Y.S.2d 265, 149, N.E.2d 705, decided March 27, 1958, the Court of Appeals of the State of New York, in passing upon an appeal, brought on alleged constitutional grounds, seeking to annul a decision of the Commissioner, said: "The Commissioner of Education held a hearing at which, though no one was called to testify or give evidence, an opportunity was accorded for full oral argument, the submission and exchange of briefs and the filing of any and all affidavits, exhibits and other materials the parties desired." The Court further said: "Quite obviously, and we recently so held in a case very similar to the present one, the Commissioner of Education's resolution of a dispute on conflicting affidavits without an oral hearing neither directly involves the construction of the constitution nor poses a constitutional question of any kind. (See Kuhn v. Com'r of Education, 2 N.Y. 2d 749, 157 N.Y.S.2d 383, 138 N.E.2d 742.)" The Court dismissed the appeal. The procedure followed in the hearing before The Commissioner in the case at bar was substantially similar to that employed in the O'Brien-Murphy appeal, supra.

It should be noted, too, that the plaintiff failed to exhaust *all* remedies available to him in the State. If he believed that the decision of the Commissioner was arbitrary, capricious or palpably illegal he could have filed a petition under Article 78 of the Civil Practice Act in the Special Term of the Supreme Court for a review of the decision of the Commissioner. See Craig v. Board of Education, 173 Misc. 969, 19 N.Y.S.2d

293, affirmed 262 App.Div. 706, 27 N.Y.S. 2d 993; Knapp v. Chisholm, Sup., 144 N.Y.S.2d 191.

I have read all the cases cited by the plaintiff. None of them is apposite.

Accordingly, judgment is granted dismissing the complaint herein.

Settle order on five days' notice.

A copy of this decision is being mailed to the plaintiff, directed to his address, as stated in the complaint.