### PEOPLE v. THOMAS. (No. 199½.)

(Supreme Court, Appellate Division, Fourth Department. July 7, 1914.)

CRIMINAL LAW (§ 1171*)—TRIAL—MISCONDUCT OF PROSECUTING ATTORNEY.

Where the court on appeal cannot determine from the record that the proof of the guilt of accused is so clear that the jury may not have been affected to his prejudice by improper argument of the prosecuting attorney, the misconduct of the prosecuting attorney, to which exception was taken by counsel for accused, is ground for reversal, in the absence of any action taken thereon by the trial court to correct or minimize the effect of the misconduct.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3126, 3127; Dec. Dig. § 1171.*]

Appeal from Erie County Court.

Harry A. Thomas was convicted of grand larceny in the second degree, and appeals. Reversed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Robert W. Farrington, of Buffalo (Farrington & Farrington, of Buffalo, of counsel), for appellant.

Wesley C. Dudley, Dist. Atty., and Guy B. Moore, both of Buffalo, for the People.

PER CURIAM. The record presented on this appeal is so imperfect and unsatisfactory that it is impossible to pass intelligently on many of the questions which appellant's counsel urges on our attention This condition of the record, which counsel, not inaptly, describes as

chaotic, is largely due to the unfortunate mental condition of the court stenographer, which developed about the time of the trial, with the result that it was impossible to procure even an approximately complete transcript of his minutes. In view of this situation the trial court permitted the case on appeal to be made up of such parts of the stenographer's minutes as had been transcribed by him, together with the minutes taken by the court at the trial. Counsel for both parties thereafter stipulated in writing that the case thus prepared—

"was made up as completely as possible, and that whatever copies and extracts are contained herein are true copies and extracts, and that on the argument of this appeal and in the submission of the appeal the foregoing copies and extracts may be used with the same force and effect as if certified to by the clerk of the county of Erie or other competent authority."

In this incomplete transcript of the stenographer's minutes appears what purports to be a record of certain statements made by the counsel for the people in his submission of the case to the jury, to which exception was duly taken by counsel for defendant. It does not appear that any action thereon was taken by the trial court at the time to correct or even minimize their possible effect on the jury. That these statements, if made, were improper, counsel for respondent seems now to concede. From the record before us we cannot confidently determine that the proof of defendant's guilt was so clear and convincing that the verdict of the jury may not have been affected to his prejudice by these improper statements. It is possible that, had the record fully presented what actually occurred on the trial, a different situation would appear; but from the record, as it has been stipulated and is now presented, we think these exceptions present error requiring a reversal of the judgment of conviction.