STEPHEN H. MASON, Plaintiff, *v.* JAMES S. COOLEY, as District Superintendent of the First Supervisory District of Nassau County, THE BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT NUMBER 7 OF THE TOWN OF NORTH HEMPSTEAD and Others, Defendants.

Supreme Court, Nassau Special Term, August, 1923.

Education Law — order of district superintendent changing boundaries of school districts — modification of order by commissioner of education — when injunction to restrain enforcement of order will be denied — Laws of 1920, chap. 141.

The statute (Laws of 1920, chap. 141) by which section 312 of the Education Law, which prescribes when a union free school district may appoint its own superintendent, was changed so that a minimum population of 4,500 was sufficient instead of 5,000 as theretofore, neither changed the provision of section 123 of the Education Law providing for the changing by the district superintendent of the boundaries of any school district within its jurisdiction nor the provision of section 381 of said law, which provides for the establishment of supervisory districts.

While the effect of said amendatory act is to permit a district having a population of 4,500 to appoint a superintendent of schools, such an appointment does not take the district which, by virtue of section 381 of the Education Law is still a part of the supervisory district, out of the jurisdiction of the district superintendent.

Defendant, as district superintendent of schools of the first supervisory district of Nassau county, made an order changing the boundaries of the school district, gave proper notice and had the requisite hearing required by law and thereupon confirmed his order. Upon an appeal taken from said order to the commissioner of education he found that while there should be a change in the boundaries of the district it should not be exactly as defendant had ordered, and directed him to make an order fixing the boundaries as he, the commissioner, upon the appeal had determined, and said commissioner modified defendant's order accordingly and thereupon affirmed it. Pursuant to the direction of the commissioner of education defendant made an order by which parts of districts Nos. 6 and 8 were added to district No. 7, but he gave no notice of any public hearing to consider the propriety of such an order. By a census taken by the commissioner of education and under his direction it had been determined in the manner required by law that said district No. 7, which was included within the superintendent's supervisory district before the said amendment of 1920, had a population of more than 4,500 and less than 5,000. In a taxpayer's action based upon the contention that the superintendent's action was illegal as claimed by the boards of education of districts Nos. 6 and 7, *held,* that the order in question was properly made and that a motion for an injunction restraining the enforcement thereof will be denied.

Said order was in effect made by the commissioner of education who by statute had power to modify the defendant's order, and the fact that he directed the defendant to issue a new order prescribing the boundaries as defined by him made it no less the order of the commissioner.

MOTION to set aside order fixing boundaries of school districts.

*Larkin, Rathbone & Perry* (*Hersey Egginton*, of counsel), for plaintiff.

*Van Doren, Conklin & McNevin* (*Alfred C. B. McNevin*, of counsel), for defendants Cooley and Frank M. Dickerson, president of Board of Education, Union Free School District No. 7.

*Davison & Underhill* (*Alfred T. Davison*, of counsel), for Board of Education of Union Free School District No. 7 of the Town of North Hempstead.

*Ernest M. Strong*, for defendant Board of Education, Union Free School District No. 6.

CROPSEY, J. The defendant Cooley, as district superintendent of the first supervisory district of Nassau county, made an order changing the boundaries of school districts. Parts of districts Nos. 6 and 8 were added to district No. 7. The boards of education of districts Nos. 6 and 7 objected and claimed the superintendent's action was illegal. The plaintiff as a taxpayer brings an action based on such contention and seeks an injunction preventing the enforcement of the order. The order in question was made pursuant to the direction of the commissioner of education of the state after an appeal had been taken to him from a prior order made by the district superintendent. The commissioner of education's decision changed somewhat the boundary line as fixed by the prior order of the district superintendent.

The Education Law contains a provision that decisions by the commissioner of education are final and are not subject to review by any court. Education Law, §§ 890, 891, formerly §§ 880, 881. Some courts seem to have held this statute to be constitutional. Others have refrained from passing upon it. See *People ex rel. Jennings* v. *Finley*, 175 App. Div. 204, 206, 207; *Bullock* v. *Cooley*, 225 N. Y. 566, 576, 577; *Lewis* v. *Smith*, 109 Misc. Rep. 694; *People ex rel. Board of Education* v. *Finley*, 211 N. Y. 51, 60; *People ex rel. Merrall* v. *Cooley*, 75 Misc. Rep. 188, 191. The constitutionality of that provision is not presented here as the plaintiff's sole claim is that the district superintendent acted without power and that the matter was not within his jurisdiction. If that be so, then clearly the courts have the right to review the determination. *Austin* v. *Board of Trustees*, 68 Misc. Rep. 538, 540.

Supreme Court, August, 1923.        [Vol. 121.

The plaintiff makes two points: *First*, that the district superintendent had no jurisdiction over district No. 7, and *second*, that his order was made without giving the notice required by law.

Whether the superintendent had jurisdiction over district No. 7 depends upon the effect to be given to chapter 141 of the Laws of 1920, which amended certain sections of the Education Law. Prior to that enactment only school districts having a population of 5,000 or over could appoint their own local superintendents, and all the territory within the school commissioner districts of the state outside of cities and " all school districts of five thousand population or more which employ a superintendent of schools," was divided into supervisory districts. The defendant Cooley is the superintendent of such a district.

By the amendment of 1920, the section (312) which prescribed when a union free school district could appoint its own superintendent was changed so that a minimum population of 4,500 was sufficient instead of 5,000 as theretofore. The same amendment made a similar change in section 492. That section is referred to in section 312 and restricts the provisions of sections 491 and 491a, which provide for the apportionment of school moneys from the state. But the amendment did not change the provisions of sections 123 and 381. Section 381 provides for the establishment of supervisory districts. By its terms all territory embraced in the school commissioner districts of the state is included within the supervisory districts, except the territory within cities and school districts of 5,000 population or more which employ a superintendent of schools. Section 123 provides for the changing by the district superintendent of the boundaries of any school district within his jurisdiction, provided the written consent of the districts affected is obtained. Section 124 provides that if the consents are not given, the school commissioner (this means district superintendent, see section 2, subdivision 6) may make an order directing the change in boundaries upon complying with certain requirements.

It is conceded or at least is not disputed that the defendant had jurisdiction over districts Nos. 6 and 8, and if he had jurisdiction over district No. 7, he had the power to make the order provided he gave the proper notice. It is also not disputed that if the defendant did not have jurisdiction over district No. 7, his order is a nullity. Under this branch of the discussion the question whether the defendant had jurisdiction depends upon whether district No. 7 is still included within his supervisory district. It was so included before the amendment of 1920 already mentioned. That amendment by its terms did not take district No. 7 out of

the jurisdiction of the defendant. It did, however, provide that a union free school district, which had a population of 4,500 or more, which fact was to be determined by the commissioner of education as prescribed by statute, might appoint its own superintendent of schools. District No. 7 has a population of more than 4,500 but less than 5,000 and this fact has been determined in the manner required by law. Defendant does not dispute the population but contends that the fact of the population has not been determined by the commissioner of education because the latter has not officially so declared. I find nothing in the law that requires such a declaration and the undisputed fact is that the census was taken by the commissioner of education and under his direction with the results stated. This is all the statute requires. After such enumeration district No. 7 appointed its own superintendent of schools. If that district had a population of 5,000 or more there could be no serious question here, for then having its own superintendent it would no longer form a part of the supervisory district and would not be under the jurisdiction of the defendant. This is definitely so provided by section 381. Or if section 381 had been amended to make the requisite population 4,500 instead of 5,000 there likewise might not have been any controversy.

The effect of the amendment of 1920 is to permit a district having a population of 4,500 to appoint a superintendent of schools. But such appointment does not take the district out of the jurisdiction of the district superintendent. It is still a part of the supervisory district by virtue of section 381. The plaintiff's argument is that it must have been the intent of the legislature to amend section 381 as well as sections 312 and 492. The obvious answer is that it did not do so and the court has no right to construe the enactment of the legislature as amending section 381. It is further urged that the test of whether a district is no longer a part of a supervisory district is whether it has its own superintendent of schools. But the language of section 381 shows otherwise. It is necessary for a district to have its own superintendent of schools in order to be excluded from a supervisory district, but it is also necessary that the district shall have a population of 5,000 or more. The mere question of population does not determine the result, nor does the mere question of the employment of a local superintendent. Both the requisite population of 5,000 and the employment of a superintendent are essential. For this reason, although district No. 7 has its own superintendent, it is still a part of the supervisory district and under the defendant's jurisdiction because it has not a population of 5,000 or more.

It is unnecessary to detail all the proceedings that have gone

**394**          MASON *v.* COOLEY.

before the making of the order in question. It is sufficient to say that the defendant, as district superintendent, made an order changing the boundaries of the district, gave proper notice and had the requisite hearing by the law required and thereupon confirmed his order. Appeal was then taken to the commissioner of education. The latter's decision found that there should be a change in the boundaries of the districts, but that the change should not be exactly as the defendant had ordered. The commissioner of education directed the defendant to make an order fixing the boundaries as he (the commissioner) upon appeal had determined and modified the defendant's order accordingly and thereupon affirmed it. The defendant acted upon this direction, made the order fixing the boundaries as prescribed by the commissioner but did not give any notice of any public hearing to consider the propriety of such order.

Section 125 provides that where a district superintendent has changed the boundaries without the consent of the district affected he must give a certain notice and have a hearing for the voicing of objections and that thereupon he must either affirm or vacate the order he has made. The same section provides that upon appeal from a district superintendent's order, the commissioner of education may affirm, modify or vacate it, and sections 890 and 891 (formerly 880 and 881) make the decision of the commissioner upon appeal final and conclusive. And by section 396 the district superintendent is made subject to the rules and directions of the commissioner. The order in question was in effect made by the commissioner of education, he fixing the boundaries upon the appeal taken to him from the order of the defendant. By the statute the commissioner had the power to modify defendant's order. This he did. The fact that he also directed the defendant to issue a new order prescribing the boundaries as defined by him makes it no less the order of the commissioner. It may be that form was followed so there would be a record in the proper local office of the change of boundary lines, but whatever the reason in making the last order the defendant did not use his discretion. He had been directed by his superior who had the power in the premises to make a certain order. He merely did as he was directed. He could not have done otherwise. I find no provision in the statute which requires a district superintendent under these circumstances to give any notice. I think the order was properly made.

Hence the motion is denied, with ten dollars costs.

Ordered accordingly.