THE PEOPLE OF THE STATE OF NEW YORK ex rel. CARLISLE R. CHERRY and Others, as Trustees of School District No. 3, Town of Tonawanda, Erie County, New York, and Another, Relators, *v.* FRANK P. GRAVES, as Commissioner of Education of the State of New York, and Another, Respondents, Impleaded with BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 1, TOWN OF TONAWANDA, ERIE COUNTY, NEW YORK, Intervenor.

Third Department, March 2, 1927.

Schools — dissolution of two common school districts by district superintendent and annexation to union free school district — boundary of union free school district was not coterminous with boundary of incorporated village or city — union free school district had acquired population authorizing appointment of superintendent of schools under Education Law, § 312 — district superintendent had power under Education Law, § 129, to annex territory — fact that union free school district had superintendent of schools did not exclude it from supervisory district — non-adjoining district was properly annexed, for order dissolving intervening district was first signed — even if dissolution of both districts and annexation of territory were one transaction, it was permissible under § 129 — district superintendent had jurisdiction and determination of Commissioner of Education was final.

A district superintendent of schools has jurisdiction under section 129 of the Education Law to dissolve common school districts and annex the territory thereof to a union free school district whose boundaries are not coterminous with the boundaries of an incorporated village or city, although at the time of dissolution and annexation the union free school district had acquired a population which authorized it, under section 312 of the Education Law, to appoint a superintendent of schools and it had appointed such superintendent.

The union free school district did not pass beyond the jurisdiction of the district superintendent when it appointed its own superintendent of schools.

The fact that one of the common school districts dissolved did not adjoin the union free school district but was separated therefrom by the other district which was

dissolved, does not make the order as to the non-adjoining district invalid, for the district superintendent first signed the order dissolving the district immediately adjoining and annexing its territory and then signed the order dissolving the non-adjoining district and annexing its territory to the union free school district; it was not necessary for the superintendent to delay a day before signing the second order.

Moreover, even though the dissolution and annexation of the two districts be considered as one transaction, it was permissible under section 129 of the Education Law.

Since the district superintendent had jurisdiction to make the orders, the determination of the Commissioner of Education affirming the orders is final and conclusive and not subject to judicial review.

CERTIORARI ORDER granted out of the Supreme Court on the 26th day of February, 1926, directed to Frank P. Graves, as Commissioner of Education of the State of New York, and another, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in the matter of the appeals from certain orders made by Charles A. Heist, as district superintendent of schools of the first supervisory district of Erie county, N. Y., dated April 30, 1924.

CERTIORARI ORDER granted out of the Supreme Court on the 3d day of August, 1926, directed to Frank P. Graves, as Commissioner of Education of the State of New York, and another, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in the matter of the application made by relators, or some of them, for a reopening and rehearing of the appeals from certain orders made by Charles A. Heist, as district superintendent of schools of the first supervisory district of Erie county, N. Y., dated April 30, 1924.

This is certiorari to review two decisions of Frank B. Gilbert, as Acting Commissioner of Education. The first decision, rendered October 31, 1925, affirmed two orders made by the district superintendent of schools of the first supervisory district of Erie county, annexing to union free school district No. 1, town of Tonawanda, Erie county, the territory of school districts Nos. 4 and 3 of said town, which districts he dissolved for that purpose. The second decision was rendered June 28, 1926, in which the Acting Commissioner dismissed an application for the reopening of the appeal upon which the aforesaid decision had been rendered. On February 26, 1926, an order of certiorari was granted at a Special Term of the Supreme Court, Erie county, to review the first decision. On August 3, 1926, a second order of certiorari was granted at a Special Term of the Supreme Court, Erie county, to review the second decision. By the latter order the board of education of union free school district No. 1 was permitted to intervene

By order of this court, made September 28, 1926, these two certiorari proceedings were consolidated.   (See 217 App. Div. 811.)

*Dudley, Stowe & Sawyer* [*Ansley W. Sawyer* of counsel], for the relators.

*Ernest E. Cole* [of counsel for the Education Department], for the respondents.

*Frank C. Moore* and *Simon Fleischmann* [*Simon Fleischmann* and *Adrian Block* of counsel], for the intervenor.

HINMAN, J.   We are not concerned with the finding of the Commissioner of Education on the merits as to the educational and economic reasons for the consolidation of these school districts. The questions before us test whether the district superintendent had jurisdiction to make the orders of consolidation.   The contentions of the relators are:

1. That union free school district No. 1 was not within the jurisdiction of the district superintendent of schools at the time his orders of dissolution and annexation were made and that his orders were, therefore, void.   In making the orders in question, the district superintendent expressly acted pursuant to section 129 of the Education Law, which provides as follows: " Any school commissioner [district superintendent, according to Education Law, § 2, subd. 6] may dissolve one or more districts * * *; he may also unite such territory or a portion thereof to any adjoining school district, except a union free school district whose boundaries are coterminous with the boundaries of an incorporated village or city."   His authority to unite the territory or a part thereof of a dissolved district to any adjoining school district is " without exception or limitation other than that it cannot be united to the territory of a union free school district whose boundaries are coterminous with the boundaries of an incorporated village or city." (*Bullock* v. *Cooley*, 225 N. Y. 566, 571.)   Any other union free school district which adjoins one or more dissolved districts comes within the authority conferred upon a district superintendent by said section 129.   The territory of union free school district No. 1 of the town of Tonawanda, Erie county, was made a part of the first supervisory district of that county in 1911, when such supervisory districts were created in the State.   (Laws of 1910, chap. 607, amdg. Education Law, art. 14.)   The entire town of Tonawanda became the first supervisory district of Erie county.   From that time to the present such town and all the school districts therein have participated in the election of a district superintendent and have contributed to the payment of part of his compensation. In 1922 an enumeration of the inhabitants of union free school

district No. 1 of that town was completed (Education Law, § 492, as amd. by Laws of 1920, chap. 141) and the population was found to be 4,600, thus permitting such union free school district to appoint a superintendent of schools (Education Law, § 312, as amd. by Laws of 1920, chap. 141); and since then one has been employed. The boundaries of such union free school district are not coterminous with the boundaries of an incorporated village or city. It is, therefore, not such a union free school district as comes within the exception in said section 129. It would seem that it is within the provision of said section as to " any adjoining school district;" and that it is a district to which the dissolved school districts in question could be annexed, even though such union free school district should have ceased to be a part of such first supervisory district after employing a superintendent of schools. If it is no longer a part of the first supervisory district in said county, it is likewise not a part of any other supervisory district. In the absence of statutory prohibition there is no good reason for holding that the Legislature did not intend that a larger union free school district employing a superintendent of schools should be formed by order of a district superintendent under said section 129, even though such district superintendent were not to have any jurisdiction over the dissolved school districts after the consolidation. The Legislature has not so limited his powers and the court has no power so to decide. According to the plain wording of said section 129, it was immaterial whether union free school district No. 1, town of Tonawanda, was within the jurisdiction of the district superintendent at the time his orders of dissolution and annexation were made.

We do not hold, however, that such union free school district was not within the jurisdiction of the district superintendent at the time he made his orders. There is another answer to the contention of the relators. The Education Law contains no provision whereby territory that was once included within a supervisory district may be eliminated therefrom by the appointment of a superintendent of schools under Education Law, section 312. When, in 1911, the counties of the State were originally divided into supervisory districts, cities and school districts of 5,000 or more which then employed a superintendent of schools were excluded (Education Law, § 381, enacted by Laws of 1910, chap. 607); but no provision was made to exclude from supervisory districts any school district which thereafter grew to have a population of 5,000 or more and was permitted to employ a superintendent of schools. The Legislature had to have some basis for a start and it chose to eliminate at the outset districts of 5,000 or more having a

superintendent of schools. It made no provision for the future in that respect and it has since remained silent on that precise question. When, in 1920 (by Laws of 1920, chap. 141), the Legislature reduced the required population of a union free school district that was permitted to employ a superintendent of schools from 5,000 inhabitants to 4,500 inhabitants by amendment of section 312 of the Education Law and made the same reduction as to population requirements in section 492 of the Education Law, providing for an enumeration, it is significant that the Legislature did not amend section 381 of that law. It is reasonable to infer that the provision in subdivision 1 of said section 381 was left at 5,000 or more because the Legislature had no purpose to interfere with the boundaries of a supervisory district by the mere employment of a superintendent of schools by a union free school district therein. Thus the law is not in irreconcilable conflict as urged by the relators. The duties of a superintendent of schools of a union free school district are not defined by statute. The duties of the district superintendent are numerous and are defined by section 395 of the Education Law.* There is, therefore, no irreconcilable conflict of authority between them nor are the duties of the one, prescribed under section 395, shifted to the other. Immediate supervision of the schools in the union free school district by its own superintendent does not appear to be inconsistent with the continuance of power in the superintendent of the supervisory district to perform his functions prescribed by said section 395 and to alter boundaries or to dissolve and consolidate districts under article 5 of the Education Law, including said section 129 thereof. There is no provision for the release of the taxpayers of such a union free school district from the burden of supporting such district superintendent or from participating in his election after it is permitted to employ its own superintendent of schools. This too is suggestive of the conclusion which we reach that such a union free school district remains within the supervisory district notwithstanding the fact that it employs a superintendent of schools and irrespective of its population. The Acting Commissioner of Education apparently felt constrained to follow a dictum in *Mason* v. *Cooley* (121 Misc. 390, 393), wherein the learned justice writing said: " If that district had a population of 5,000 or more there could be no serious question here, for then having its own superintendent it would no longer form a part of the supervisory district and would not be under the jurisdiction of the defendant. This is definitely so provided by section 381." We disagree with that conclusion for the reasons aforesaid and,

---

* Amd. by Laws of 1910, chap. 607, and Laws of 1913, chap. 511.— [REP.

therefore, find it unnecessary to consider the proofs offered by the relators for the purpose of showing the population of union free school district No. 1 on the date when the orders in question were signed.

2. That the order of the district superintendent annexing district No. 3 to district No. 1 was in direct violation of section 129 of the Education Law, for the reason that the two districts did not adjoin and that the order was, therefore, void. There was a gore of land belonging to district No. 4 (which was likewise dissolved) which extended between district No. 3 and union free school district No. 1. The three districts when consolidated, however, formed a compact and contiguous territory. The district superintendent did not dissolve district No. 3 and district No. 4 by one order but he made two orders. First he issued an order dissolving district No. 4 which adjoined district No. 1 and by that order he annexed the territory of the dissolved district to district No. 1. Then he immediately signed the order dissolving and annexing district No. 3. Both orders were made effective at the precise time of signature. Thus when he signed the second order district No. 1 included district No. 4 and he had a right then to order that district No. 3 be added to that new district which it then adjoined. It is quite apparent that the district superintendent had the provision of the statute as to " adjoining " districts in mind when he signed the orders as he did and then filed the first order one day in advance of filing the second order. We have no right to review the determination of the Acting Commissioner as to the educational and economic advantages of these two consolidations.* It would serve no just or useful purpose for this court to apply the maxim that the law takes no cognizance of a fraction of a day so that the two orders of the district superintendent might be deemed simultaneous and that district No. 3 might be deemed improperly annexed to district No. 1 because it was not an " adjoining " district. That maxim of the law is not a rule of universal application. It is a legal fiction which is applied where the interests of justice will be served but never against the right and justice of the case. (*Marvin* v. *Marvin,* 75 N. Y. 240, 243; *Ottman* v. *Hoffman,* 7 Misc. 714, 715; *Matter of Richardson,* 2 Story U. S. C. C. 571.) It is of no consequence whether the period of time between the signing of these two orders was an instant of time or a day or a year. Concededly the district superintendent had the right to make the second order the very next day or at any subsequent time. The sole objection is that he could not

---

* See Education Law, § 890, as renum. from § 880 by Laws of 1918, chap. 252.— [REP.

make it the same day. We cannot so hold in defiance of the determination of the Acting Commissioner of Education that there is educational and economic need for this consolidation. Moreover, section 129 does not require that all the districts dissolved by the district superintendent must adjoin the district to which they may be united. It provides that the " territory or a portion thereof " represented by the one or more dissolved districts may be united with " any adjoining school district." When districts Nos. 3 and 4 were dissolved they became one " territory " because they adjoined each other. Therefore, even if the action of the district superintendent should be considered as one transaction, it was clearly permissible under the fair interpretation of the said section 129.

In view of the fact that the district superintendent had jurisdiction to make the orders which have been affirmed by the Commissioner of Education on appeal therefrom, the latter's determinations are final and conclusive and not subject to judicial review. (*Matter of Levitch* v. *Board of Education*, 243 N. Y. 373; *People ex rel. Board of Education* v. *Graves*, Id. 204; *Bullock* v. *Cooley*, 225 id. 566; *Barringer* v. *Powell*, 230 id. 37; *People ex rel. Hylan* v. *Finegan*, 227 id. 219; *Board of Education* v. *Board of Education*, 76 App. Div. 355; affd., 179 N. Y. 556.)

The certiorari proceedings should be dismissed, with fifty dollars costs and disbursements to the respondents.

VAN KIRK, Acting P. J., MCCANN, DAVIS and WHITMYER, JJ., concur.

Certiorari proceedings dismissed, with fifty dollars costs and disbursements to the respondents.