THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANNA MATHESON WOOD, as Sole Trustee of School District No. 5 of the Town of Huntington, Suffolk County, N. Y., and Others, Relators, *v.* FRANK P. GRAVES, as Commissioner of Education of the State of New York, Respondent, and BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 3 OF THE TOWN OF HUNTINGTON, SUFFOLK COUNTY, N. Y., Intervenor.

Third Department, January 16, 1929.

*Baylis & Sanborn* [*Chester B. McLaughlin* and *Alexander B. Royce* of counsel], for the relators.

*Ernest E. Cole* [*Irwin Esmond* of counsel], for the State Commissioner of Education.

*Hawkins, Delafield & Longfellow* [*Lewis L. Delafield, Jr.,* of counsel], for the intervenor.

HINMAN, J. A district superintendent of schools, acting under section 129 of the Education Law (Laws of 1910, chap. 140), dissolved two school districts within his supervisory district, consolidated them and united such territory to an adjoining union free school district the boundaries of which were not coterminous with the boundaries of an incorporated village or city. Such union free school district was not made a part of any supervisory district when, in 1911, the supervisory districts were organized in this State under section 381 of the Education Law (added by Laws of 1910, chap. 140, as amd. by Laws of 1910, chap. 607), for the reason that it was then a school district of 5,000 population or more which employed a superintendent of schools. The trustees of the two dissolved districts appealed to the Commissioner of Education, who affirmed the orders of the district superintendent. The determination of the Commissioner is now before us on certiorari. The contention of the relator trustees has been and is that the order of the district superintendent purporting to annex the territory of the two dissolved districts, lying within his supervisory district, to a union free school district, located entirely outside of his supervisory district and never a part of any supervisory district, was *ultra vires* and void, and that the order of the Commissioner of Education purporting to affirm said *ultra vires* order of the district superintendent is similarly outside of the powers of the Commissioner of Education and consequently void.

Even if we were to disagree with the Commissioner as to the correct interpretation of section 129 of the Education Law in considering its plain language in the light of the Education Law as a whole, the relators, as agencies of the educational system of the State, having appealed to the Commissioner of Education, the decision was final and conclusive upon them. (*Matter of Levitch* v. *Board of Education,* 243 N. Y. 373, and cases cited.) Under section 890 (formerly section 880) of the Education Law, the Commissioner had jurisdiction to hear the appeal. (See, also, Education Law, § 398, as added by Laws of 1910, chap. 607.) His jurisdiction expressly includes an appeal made in consequence of any action " by any school commissioner [now district superintendent]

and other officers, in forming or altering, or refusing to form or alter, any school district." (Education Law § 890, subd. 2.) " The fact that the question may have involved the construction or application of a statute did not deprive him of jurisdiction." (*Matter of Levitch* v. *Board of Education, supra,* 375; *Barringer* v. *Powell,* 230 N. Y. 37, 43.)

The action of the Commissioner cannot be considered as purely arbitrary. He was required to interpret section 129 of the Education Law. He was supported in his interpretation by the opinion of CHASE, J., in *Bullock* v. *Cooley* (225 N. Y. 566, 571): " Section 129 of the Education Law that we have quoted has been amended to authorize uniting the territory or a part thereof of a dissolved district to any adjoining school district, without exception or limitation other than that it cannot be united to the territory of a union free school district whose boundaries are coterminous with the boundaries of an incorporated village or city." He was supported by one of our conclusions in *People ex rel. Cherry* v. *Graves* (219 App. Div. 563, 566): " According to the plain wording of said section 129, it was immaterial whether union free school district No. 1, town of Tonawanda, was within the jurisdiction of the district superintendent at the time his orders of dissolution and annexation were made." It is true that, in the Tonawanda case, the facts differed in that union free school district No. 1, town of Tonawanda, was originally a part of a supervisory district and later became a union free school district having a superintendent of schools. We there found no authority for holding that the boundaries of the supervisory district were interfered with by the mere employment of a superintendent of schools in a union free school district therein. Our argument on that question is now relied upon to differentiate the case now before us. That was merely additional ground for our decision. We see no reason now to disagree with our main conclusion. In 1911, when the supervisory districts were organized, the Legislature chose to eliminate at the outset districts of 5,000 population or more having a superintendent of schools. (Education Law, § 381.) It made no provision in respect to the future of such excluded districts and it has since remained silent on that precise question, except as it continued in the law the functions of alteration of boundaries (Education Law, §§ 123–128) and of dissolution, reformation and consolidation of districts. (Education Law, § 129.) The history of these two functions and the distinctions which the Education Law has made between them are carefully treated in *Bullock* v. *Cooley* (225 N. Y. 566, 570–572). No consent of the districts or their district officers is required for the dissolution, reformation

and consolidation of districts; and annexation may be made to any adjoining school district without exception or limitation other than that expressly excepted by section 129. No good reason occurs to us for supposing that the Legislature meant to confer that authority as to a union free school district created after 1911 and to continue to isolate one which had previously existed except as its boundaries might be altered, upon consent, under sections 123 to 128 of the Education Law.

The order of certiorari should be vacated and the proceeding dismissed, with fifty dollars costs and disbursements to the respondent. (See *People ex rel. Peck* v. *Canal Board*, 29 Hun, 159; Civ. Prac. Act, § 1307.)

VAN KIRK, P. J., DAVIS, HILL and HASBROUCK, JJ., concur.

Order of certiorari vacated, and proceeding dismissed, with fifty dollars costs and disbursements to the respondent.