In the Matter of the Application of AGNES V. BIRMINGHAM, Petitioner, for a Certiorari Order against FRANK P. GRAVES, as State Commissioner of Education, Respondent.

Third Department, November 20, 1929.

*Hylan & Scherer* [*Benjamin Deutsch* and *Marcus Miller* of counsel], for the petitioner.

*Ernest E. Cole* [*Irwin Esmond* of counsel], for the respondent.

*Arthur J. W. Hilly*, [*Corporation Counsel of City of New York* [*William E. C. Mayer* of counsel], for the respondent Board of Education of City of New York, *amicus curiœ.*

PER CURIAM. The petitioner, on November 9, 1927, was employed by the board of education of the city of New York as director of speech improvement in the schools "subject to obtaining the necessary license." To hold this position a license is necessary. Power to grant the necessary license to petitioner rested in the superintendent of schools and was to be issued " on the recommendation of " the board of examiners. (Education Law, § 870, subd. 6, as added by Laws of 1917, chap. 786; Id. § 871, added by Laws of 1917, chap. 786, as amd. by Laws of 1920, chap. 837.) Accordingly, in February, 1928, the petitioner made an application for her license and appeared before the board of examiners. She was duly examined and, on May 3, 1928, license was denied her because " her interview examination has been rated unsatisfactory,

and on the ground of misrepresentation by her as to her academic and professional qualifications." The misrepresentations are set forth in the record. This ruling was transmitted to the superintendent of schools, who in turn transmitted it to the board of superintendents. On May 14, 1928, at a joint meeting of the board of examiners and board of superintendents, the whole matter was reviewed and the ruling confirmed. (See Education Law, §§ 869, 870, as added by Laws of 1917, chap. 786.) Petitioner's conditional appointment thus failed and the board of education appointed another in her place. From this determination the petitioner appealed to the State Commissioner of Education, on the ground, as in her petition set forth, " That the board of education refused to recognize the petitioner as director of speech improvement because she did not obtain the purported license specified in the resolution appointing her. That thereupon the petitioner appealed to the respondent [Commissioner of Education] for a decision that she was the legally appointed director of speech improvement in the public schools of the City of New York." The Commissioner dismissed the appeal, holding that, since the appellant did not hold the necessary license, the board of education was unauthorized to appoint her to the position sought. The Commissioner had jurisdiction; his decision is " final and conclusive, and not subject to question or review in any place or court whatever." (Education Law, § 890, as renum. from § 880 by Laws of 1918, chap. 252; *Matter of Levitch* v. *Board of Education*, 243 N. Y. 373, and cases cited; *Barringer* v. *Powell*, 230 id. 37, 43; *People ex rel. Wood* v. *Graves*, 225 App. Div. 176.)

We have examined the very extended discussion in petitioner's brief. To the contentions therein we briefly refer. The petitioner has not been deprived of any right without due process of law. At all stages of the proceedings she has had full opportunity to be heard before a duly constituted tribunal or body having jurisdiction. (*Bertholf* v. *O'Reilly*, 74 N. Y. 509, 519; *Ives* v. *South Buffalo R. Co.*, 201 id. 271, 293; *People* v. *Adirondack R. Co.*, 160 id. 225, 236; *Davidson* v. *New Orleans*, 96 U. S. 97, 104.) Nothing in the record suggests that the determination of the Commissioner was arbitrary or made without due consideration. The board of education had power to prescribe regulations and by-laws. (Education Law, § 868, subd. 9, as added by Laws of 1917, chap. 786.) The license required for the position was legally established and was in force at the time of her application for appointment. (New York City Board of Education By-laws [1927], §§ 71, 73.) Petitioner complains that one of the qualifications in section 73, namely, " Graduation from a course of professional training of at least two years in the

special branch to be supervised," is void because it is impossible to comply with it, there being no such course to be had. But this contention is without merit, *first*, because the appeal here is not from the determination of the board of examiners refusing the license; and *second*, because the refusal was not based upon failure to comply with this requirement. We have no doubt that speech improvement is a special branch. We find no basis for the contention that the changes made from time to time in sections 71 and 73 are re-enactments rather than amendments.

The determination of the Commissioner of Education should be confirmed, with fifty dollars costs and disbursements.

VAN KIRK, P. J., HINMAN, WHITMYER, HILL and HASBROUCK, JJ., concur.

Determination confirmed, with fifty dollars costs and disbursements.