In the Matter of the Application of Joseph Merendino, Petitioner, Respondent, for an Order Pursuant to Article 78 of the Civil Practice Act, to Review a Determination of Frank P. Graves, Commissioner of Education of the State of New York, and Others, Appellants.

Third Department, January 11, 1939.

John J. Bennett, Jr., Attorney-General [Henry Epstein, Solicitor-General and Dorothy U. Smith, Assistant Attorney-General, of counsel], for the appellants.

Illch & Poskanzer [Avrom M. Jacobs of counsel], for the respondent.

RHODES, J.   Heretofore the Commissioner of Education revoked petitioner's authorization to practice podiatry in the State of New York.

The order of revocation became operative immediately and petitioner thereupon moved before the Special Term on notice for an order staying its enforcement pending the determination by the court upon a review of the proceedings.

The court below granted a stay by the order here appealed from. Appellants here question its validity on the ground that the court below had no authority to grant it, basing such objection on the provisions of subdivision 4 of section 1412 of the Education Law, which subdivision provides that any licensed podiatrist whose license has been revoked may have an order of certiorari for the purpose of reviewing such determination returnable before the Appellate Division of the Supreme Court of the Third Judicial District, " but no such determination shall be stayed or enjoined except upon application to the Appellate Division, after notice to the Attorney-General."   This subdivision was in effect in 1936 (Laws of 1936, chap. 791), prior to the taking effect of article 78 of the Civil Practice Act, added by chapter 526 of the Laws of 1937.

In support of the stay petitioner relies on section 1299 of such article, which provides in part, " in a proceeding under this article, the court may by order to show cause or otherwise, and upon such terms as may be just, stay further proceedings on the part of the respondent and/or the execution of any determination under review, pending the final order and until the further direction of the court."

It will be noticed that subdivision 4 of section 1412 of the Education Law provides for a review by certiorari and that certiorari

has been abolished by section 1283 of article 78 of the Civil Practice Act, but the latter section provides that " wherever in any statute reference is made to a writ or order of certiorari * * * such reference shall, so far as applicable, be deemed to refer to the proceeding authorized by this article."

It is petitioner's claim that such article 78 supersedes the foregoing provisions of the Education Law and that, therefore, the court below had authority to grant the stay.

The appellants, however, invoke the rule that a special statute providing for a particular class of cases is not repealed by a subsequent statute, general in its terms, unless the intent to repeal or alter is manifest. (*People ex rel. Leary* v. *Knox,* 166 N. Y. 444; *Grimmer* v. *Tenement House Department,* 204 id. 370; *Matter of Ryan* v. *City of New York,* 228 id. 20; *Matter of Comrs. of Central Park,* 50 id. 493, 497.) That rule of construction is applicable here; hence the provisions of the Education Law in question are still in force, and are controlling. The court below, therefore, had no power to grant the stay.

Petitioner also raises the objection that the order now before us is not appealable. If the court below was without authority to grant the order then possibly the appellants might have ignored it and asserted its invalidity. (*Kamp* v. *Kamp,* 59 N. Y. 212.) They, however, should not be required to pursue so hazardous a course. There is a right to appeal from an unauthorized order of a Special Term. (*Matter of Skinkle,* 221 App. Div. 682. See Civ. Prac. Act, § 631.)

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

HILL, P. J., McNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.