## (January 30, 1957)

■ In the Matter of SEYMOUR L. COLIN et al., Petitioners, against APPELLATE DIVISION OF THE SUPREME COURT OF THE STATE OF NEW YORK FOR THE FIRST JUDICIAL DEPARTMENT et al., Respondents.— Proceeding under article 78 of the Civil Practice Act to restrain the Appellate Division, First Department, the Justices thereof, individually and as such Justices, and the clerk thereof, from enforcing special rule 4 promulgated by that court on September 21, 1956, amended December 19, 1956, effective January 1, 1957. Respondents, appearing specially, move to strike out the amended petition on the grounds that this court lacks jurisdiction over the persons of respondents or over the subject matter of the proceeding. The sole issue on which respondents' motion was argued and presented was whether this court has jurisdiction to grant the relief requested. Whether such an issue may properly be presented on a motion under section 237-a of the Civil Practice Act may be questionable. However, no such objection has been made, and we shall decide the motion on consideration of the arguments advanced. At common law a writ of prohibition could issue only from a superior to an inferior court. (Chase's Blackstone's Comm. [3d ed.], p. 671.) In this State it has always been recognized that such a writ could not issue to a branch of the same court or to a judicial officer of equal rank and powers as the one granting the writ (Matter of Attorney-General, 32 Misc. 1), but only to subordinate courts and inferior judicial tribunals. (Appo v. People, 20 N. Y. 531, 540; Matter of Hogan v. Court of Gen. Sessions, 296 N. Y. 1, 8; People ex rel. Jimeson v. Shongo, 83 Misc. 325, affd. 164 App. Div. 908; see, also, Smith v. Whitney, 116 U. S. 167, 176.) That is the basic theory underlying the provisions of article 78 of the Civil Practice Act, insofar as they apply to proceedings to restrain a body or officer exercising judicial or quasi-judicial functions from proceeding without or in excess of jurisdiction. Essentially, the subject matter of this proceeding is an application to this court to restrain a court of equal rank and power from enforcing a rule promulgated by the latter. We are, in effect, being asked to enjoin the possible or anticipated future action of such a court. The relief is not sought against the individual Justices in their personal capacities but, rather, against them as a court, regardless of the identity of its present or future members. Similarly, any restraining order, if issued, would necessarily have to be directed against them in their collective capacity as a court. Since we are without power to direct or control the action of a branch of the court which has co-ordinate jurisdiction, it follows that we are without jurisdiction to grant the relief requested. Motion of respondents granted, without costs. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ. [See post, p. 721.]