In the Matter of the Proceedings Pursuant to Section 9-a of Article VI of the New York State Constitution in Relation to LOUIS L. FRIEDMAN, as a Justice of the Supreme Court, Second Judicial District, Appellant. In the Matter of LOUIS L. FRIEDMAN, Petitioner.

Third Department, July 9, 1963.

*Davis Polk Wardwell Sunderland & Kiendl* (*Theodore Kiendl, Raphael H. Weissman* of counsel), for petitioner and appellant.

*John R. Davison,* counsel designated to conduct removal proceedings.

*William R. Brennan,* counsel designated to conduct removal proceedings.

REYNOLDS, J. Respondent moves to dismiss an appeal from, and an article 78 proceeding to review, a determination of the Court on the Judiciary dated February 22, 1963, removing Justice LOUIS L. FRIEDMAN from his office as Justice of the Supreme Court. Respondent also moves to dismiss an appeal taken from the order dated April 3, 1963 by the Court on the Judiciary denying appellant's motion to vacate its order of February 22, 1963 removing appellant from his office. The appeal, petition and cross motion of appellant also ask for a stay of the determination of the Court on the Judiciary until the issues in the appeal and/or article 78 proceeding are decided by this court. The issues to be determined are: (1) Whether a Judge removed from office by the Court on the Judiciary may review that determination by an appeal to this court. (2) Whether a removed Judge may review his removal by an article 78 proceeding in this court.

The Court on the Judiciary was established by section 22 of article VI of the New York State Constitution and no right to appeal is provided for therein. Appellant contends that the instant determination is appealable for two reasons, First: That it is appealable as an order in a special proceeding under section 631 of the Civil Practice Act. Second: That this appeal must lie, despite the absence of statutory authority because appellant is attacking the jurisdiction of the Court on the Judiciary and the manner in which it conducted the proceedings leading to his removal. As to the first contention, subdivision 2 of section 631 of the Civil Practice Act provides:

"An appeal may be taken to the appellate division of the supreme court * * * From an order, affecting a substantial right, made by a court of record possessing original jurisdiction * * * in a special proceeding instituted in that court * * *. pursuant to a special statutory provision ".

We agree that the determination affects a substantial right, that the Court on the Judiciary is a court of record possessing original jurisdiction, but *Matter of Droege* (197 N. Y. 44) precludes any review under this section by holding that a proceeding to remove a Judge is not a " special proceeding ". In *Droege*, which involved the removal of a New York City Magistrate the court indicated that because the Constitution merely provided that inferior court Judges could be removed for cause and granted no power to any particular body to conduct removal proceedings the Legislature could as well have granted that power to the Governor or any State officer rather than to the Appellate Division, as it did. This being so the court decided that the proceeding should not be termed a " special proceeding ", for it certainly would not have been if the Legislature had granted removal powers to any officer or body other than a court. The situation in the instant case is strikingly similar for, although the Constitution empowers the Court on the Judiciary to remove Judges, it also grants power to the Legislature to stay those proceedings and deal with the matter of removal itself (art. VI, § 22, subd. e). If the Legislature had done that in this case we could not call this a " special proceeding " and under the authority of *Droege* we may not do so on the facts herein.

Although *Droege* precludes any review here of the merits of the case it points up the distinction between such a review and the judicial power to determine whether the power of the Court on the Judiciary was properly exercised in the form required by the Constitution. In fact, *Droege* indicates that the latter type of review may be available under certain conditions which leads us to appellant's second contention. Despite the fact that there may be no right to consider the merits under subdivision 2 of section 631 appellant claims that there is a limited right to appeal to consider whether the Court on the Judiciary had authority to render the order herein and whether the court pursued the procedure prescribed in the Constitution, and legally proceeded according to its own established rules. He further contends, that such a right of appeal exists independent of statute and even if the statute proscribes such an appeal. It will be seen that the answer to the problem is whether this

court can handle the jurisdictional issues either by appeal or by an article 78 proceeding depends on whether the Court on the Judiciary is an inferior tribunal or a court of co-ordinate or superior jurisdiction. As we have pointed out, *Droege* which precludes an appeal under subdivision 2 of section 631, is authority, under certain circumstances, for the limited right of appeal requested by appellant in the case at bar. He can reasonably argue that *Droege* establishes that he has a right to have the question of jurisdiction decided by some court, and the remaining question is whether it could be handled by this court. The pertinent language in *Droege* is found at pages 52 and 53 where the court, quoting from an earlier decision, notes that when the Constitution (or a statute) vests a discretionary or judicial power in any *inferior tribunal or officer*, a higher court has no further control over the exercise of such power '' than to see that such inferior tribunal or officer, on the occasion of its exercise, had jurisdiction over the subject-matter of its exercise,— that is, that the occasion or circumstances, contemplated by the Constitution or the act, for exercise had occurred,— and that the power has been exercised in the form prescribed by the Constitution or the Act.'' vesting such power. This reasoning has been applied in many cases, always in the situation, however, where a '' higher '' court is examining a decision of an '' inferior '' court or officer and especially where a statute has precluded judicial review of the decision of the court or official in question or is to the effect that the decision of the inferior tribunal shall be '' final and conclusive ''. Thus in *Matter of Guardian Life Ins. Co.* v. *Bohlinger* (308 N. Y. 174), where the court was reviewing a determination of the Superintendent of Insurance, Judge FULD opined at page 183: '' Even where judicial review is proscribed by statute, the courts have the power and the duty to make certain that the administrative official has not acted in excess of the grant of authority given him by statute or in disregard of the standard prescribed by the legislature.'' (See, also, *Matter of Merendino* v. *Graves*, 256 App. Div. 50; *Matter of Birmingham* v. *Graves*, 227 App. Div. 262, appeal dismissed 255 N. Y. 623, cert. denied 287 U. S. 669; *Matter of Skinkle*, 221 App. Div. 682.) The theory involved is that a court (or administrative officer or body) must have jurisdiction in order to render a valid judgment or determination of any kind binding upon the parties concerned. A judgment or determination granted without jurisdiction (meaning authority to render a judgment or determination which the court or officer assumes to do) is not entitled to full faith and

credit in another State and may be attacked either directly or collaterally (7 Carmody-Wait, New York Practice, p. 204). An appeal, of course, attacks such a judgment directly. Moreover, due process of law requires that the court or other tribunal is competent and duly constituted. Unless jurisdiction exists, the judgment rendered is not by due process of law (9 N. Y. Jur., Constitutional Law, § 350). But whether a court had jurisdiction in a certain case can only be determined by that court itself in the first instance and then in the final instance by a court of higher or superior jurisdiction to it (21 C. J. S., Courts, § 501). An appeal or other review on jurisdictional grounds must comply with the hierarchical scheme of courts in the particular state involved. Thus the Appellate Division could not presume to answer whether the Court of Appeals had jurisdiction to render a judgment, while it would be the tribunal to answer jurisdictional questions addressed to the Supreme Court, Court of Claims, etc. The appellate jurisdiction of this court is a creature of statute. No appeal lies to the Appellate Division except by statutory authority, the absence of which precludes a right of appeal. (*Matter of Fischer* v. *Briante,* 6 A D 2d 814; *Matter of Anonymous* [*Hurley*], 6 A D 2d 1045; and, see, *Matter of Ryan* [*Hogan*], 306 N. Y. 11.) As stated by Judge FROESSEL, in the last cited case at page 16: " It is well settled that appeal is not a matter of constitutional right * * * such jurisdiction can never be assumed, unless a statute expressly authorizes its exercise ". It is our conclusion that the Court on the Judiciary is at least a court of co-ordinate jurisdiction (and probably superior jurisdiction) which precludes any relief at the level of the Appellate Division. In our view we cannot consider a review by way of an article 78 proceeding, either in the nature of prohibition or certiorari, because the Court on the Judiciary is at least a court of co-ordinate jurisdiction. In *Matter of Colin* v. *Appellate Division, First Department* (3 A D 2d 682 motion for leave to appeal denied 2 N Y 2d 710), petitioner sought a restraining order in the Second Department to be issued against the First Department. The court in a unanimous memorandum decision denied relief. " At common law a writ of prohibition could issue only from a superior to an inferior court. (Chase's Blackstone's Comm. [3d ed.], p. 671.) In this State it has always been recognized that such a writ could not issue to a branch of the same court or to a judicial officer of equal rank and powers as the one granting the writ (*Matter of Attorney-General,* 32 Misc. 1), but only to subordinate courts and inferior judicial tribunals. (*Appo* v.

*People,* 20 N. Y. 531, 540; *Matter of Hogan* v. *Court of Gen. Sessions,* 296 N. Y. 1, 8; *People ex rel. Jimeson* v. *Shongo,* 83 Misc. 325, affd. 164 App. Div. 908; see, also, *Smith* v. *Whitney,* 116 U. S. 167, 176.) That is the basic theory underlying the provisions of article 78 of the Civil Practice Act, insofar as they apply to proceedings to restrain a body or officer exercising judicial or quasi-judicial functions from proceeding without or in excess of jurisdiction. Essentially, the subject matter of this proceeding is an application to this court to restrain a court of equal rank and power from enforcing a rule promulgated by the latter. We are, in effect, being asked to enjoin the possible or anticipated future action of such a court. The relief is not sought against the individual Justices in their personal capacities but, rather, against them as a court, regardless of the identity of its present or future members. Similarly, any restraining order, if issued, would necessarily have to be directed against them in their collective capacity as a court. Since we are without power to direct or control the action of a branch of the court which has co-ordinate jurisdiction, it follows that we are without jurisdiction to grant the relief requested.''

The Court on the Judiciary is composed of the Chief Judge and Senior Associate Judge of the Court of Appeals and four Appellate Division Justices (art. VI, § 22, subd. b). As the entire makeup of the court consists of Judges of a higher court and equal courts it must be assumed that it is not an inferior tribunal. It has the power to remove Judges and Justices of the Court of Appeals, Supreme Court, Court of Claims, County Court, Surrogate's Court and Family Court (art. VI, § 22, subd. a) while the Appellate Divisions have removal powers only over Judges of inferior courts, i.e., courts of the City of New York, district courts, town, village and city courts (art. VI, § 22, subd. i).

Therefore, the appeal and the article 78 proceeding should be dismissed because of lack of jurisdiction and the applications for a stay denied.

Bergan, P. J., Herlihy and Taylor, JJ., concur; Gibson, J., taking no part.

Appeal and article 78 proceeding dismissed and applications for stay denied.