In the Matter of the Application of GEORGE B. MUTH, JR., and Others, as Trustees of School District No. 5, Town of Fremont, Sullivan County, New York, for a Certiorari Order against FRANK P. GRAVES, as Commissioner of Education of the State of New York.

Supreme Court, Albany County, January, 1931.

*Ellsworth Baker*, for the petitioners.

*Ernest E. Cole* [*Irwin Esmond* and *Charles A. Brind, Jr.*, of counsel], for the respondent.

STALEY, J. This is a motion to vacate an order of certiorari granted herein *ex parte* at a Special Term of this court on December 27, 1930.

Authority for such motion is found in section 1299 of the Civil Practice Act and in *People ex rel. Miller* v. *Peck* (78 App. Div. 89) upon grounds similar to those invoked in this proceeding.

In August, 1930, at a special school meeting of school district No. 5 of the town of Fremont, Sullivan county, a proposition for free transportation of certain pupils to enable them to attend high school was defeated.

The parents of these pupils feeling aggrieved presented a petition to the Commissioner of Education setting forth the action of the school meeting and alleging facts indicating that it was necessary to provide transportation for the pupils to enable them to attend high school. (Education Law, § 493, subd. 6, as added by Laws of 1930, chap. 263.)

Notice of the presentation of the petition was given the trustees of school district No. 5, who submitted an answer denying the necessity of free transportation and alleging that the parents and the guardians of the pupils in question were amply able to provide transportation.

The Commissioner thereupon made an independent investigation by a special representative. It was found that one pupil did not start attending high school because no transportation was afforded; one pupil had to drop out and another would have to drop out soon for the same reason, and another would begin school at once if transportation were furnished.

The Commissioner then made an order setting aside the action of the school meeting and directing the trustees to forthwith provide transportation. This order was made November 12, 1930.

On December 2, 1930, upon the refusal of the trustees to comply with the order of the Commissioner, they were directed to show cause why they should not be removed and why public money should not be withheld from the district. One of the trustees appeared and the others defaulted in appearance upon the return of this order. The trustee who appeared refused to comply with the order. The Commissioner then removed the trustees. The district called a meeting to elect new trustees but adjourned without taking action.

Section 890 of the Education Law provides as follows:

" Appeals or petitions to commissioner of education and other proceedings. Any person conceiving himself aggrieved may appeal or petition to the commissioner of education who is hereby authorized and required to examine and decide the same; and the commissioner of education may also institute such proceedings as are authorized under this act and his decision in such appeals, petitions or proceedings shall be final and conclusive, and not subject to question or review in any place or court whatever. Such appeal or petition may be made in consequence of any action:

" 1. By any school district meeting;

" 2. By any school commissioner and other officers, in forming or altering, or refusing to form or alter, any school district, or in refusing to apportion any school moneys to any such district or part of a district;

" 3. By a supervisor in refusing to pay any such moneys to any such district;

" 4. By the trustees of any district in paying or refusing to pay any teacher, or in refusing to admit any scholar gratuitously into any school or on any other matter upon which they may or do officially act.

" 5. By any trustees of any school library concerning such library, or the books therein, or the use of such books;

" 6. By any district meeting in relation to the library or any other matter pertaining to the affairs of the district.

" 7. By any other official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter, or any other act pertaining to common schools."

The proceedings before the Commissioner were designated as an " appeal " in the various papers. This designation is of no particular significance as no one has been misled by it.

The proceedings here were commenced by the persons aggrieved, by a petition. An answer was interposed by the trustees and the Commissioner in default of any demand for a hearing made an investigation as to the facts, and then made his determination. The Commissioner has power to regulate the practice on such petitions. (Education Law, § 891.)

A petition rather than an appeal was the appropriate procedure, as a review of the action of the school meeting in the absence of an investigation of the facts, would not have presented the question which the petitioners sought to have decided.

The Commissioner had jurisdiction of the subject-matter of the application as appears by section 890 of the Education Law. He had jurisdiction of the persons interested as appears by the notices served. No claim is here made of a lack of notice or opportunity to be heard.

The Commissioner also had jurisdiction to remove the trustees and direct the withholding of public money. (Education Law, § 95; *People ex rel. Jennings* v. *Finley*, 175 App. Div. 204.)

It is claimed that one of the trustees who was removed did not become such until December, 1930. He was served and had an opportunity to appear and show cause why he could not act and why he should not be removed. This he failed to do.

The Commissioner having jurisdiction of the subject-matter and authority to take the action here challenged, the court is without power to review his decision and the order for certiorari must be dismissed. (*Bullock* v. *Cooley*, 225 N. Y. 566; *Matter of Levitch* v. *Board of Education*, 243 id. 373.)

Order may be entered vacating and setting aside the order of certiorari made herein, with ten dollars costs.