In the Matter of the Application of MELVIN CROCKER and Others, Petitioners, for a Mandamus Order against COMMON SCHOOL DISTRICT 8 OF THE TOWN OF COCHECTON, SULLIVAN COUNTY, NEW YORK, and CHARLES VAN SCHOICK, as Sole Trustee of Said Common School District No. 8 of the Town of Cochecton, Sullivan County, New York, Respondents.

Supreme Court, Sullivan County, January 16, 1932.

*John D. Lyons*, for the petitioners.

*Baker & Oppenheim* [*Ellsworth Baker* of counsel], for the respondents.

FOSTER, J. Petitioners apply for an order of mandamus to compel the trustee of school district No. 8 of the town of Cochecton, Sullivan county, N. Y., to carry out the terms of an order, made by the Commissioner of Education, with reference to the transportation of academic pupils.

The district mentioned has no high school, and it has been determined that certain children who reside therein are entitled, under the provisions of the Education Law (§ 493, subd. 6, as added by Laws of 1930, chap. 263), to be furnished transportation at the expense of the district to the high school of another district where they are receiving academic instruction. After a demand for such transportation had been decided adversely at a district

meeting in the year 1930, those interested appealed to the Commissioner of Education. The appeal was sustained, and on the 3d of December, 1930, the Commissioner made an order which directed the trustee to proceed forthwith to provide transportation for such academic pupils in the district to a designated high school, or, if none be designated, to the nearest approved academic school, and to pay the cost thereof out of any funds of the district available for such purpose. The order further provided that, in the event there were no district funds so available, the trustee was authorized and directed to raise by tax on the taxable property of the district a sum sufficient to pay for the same. The trustee failed and refused to carry out the terms of the order. After notice and on the 28th of March, 1931, the Commissioner, by an order duly made, removed the trustee and directed that the public money due to the district be withheld; also that a special meeting of the district be held for the purpose of filling the vacancy. The respondent was elected trustee at such meeting, but transportation was again refused. Another special meeting of the district was held on September 4, 1931, and the proposition of transportation was again voted on and defeated. A second appeal was made to the Commissioner, and this was sustained and the action of the special meeting set aside. By order of the Commissioner, dated October 24, 1931, the respondent, as sole trustee of the district, was directed to forthwith provide for transportation in substantially the same terms as contained in the previous order. The respondent has failed and refused to carry out the terms of this order. Upon this state of facts the matter is brought to this court.

It is conceded that the Commissioner had full authority to make the order set forth, and that his determination as to the matters therein involved was final and not subject to review by the courts. The respondent argues, however, that by reason of these propositions the court is without jurisdiction to enforce the decree of the Commissioner through this proceeding. This position is taken upon the basis that the Legislature in a comprehensive educational plan for the State has committed to the Commissioner of Education the management, control and supervision of the public school system, and to the accomplishment of this end has given him exclusive power to determine educational controversies and to direct local school agencies in the exercise and performance of their powers and duties. That these propositions are substantially correct is no longer a matter of argument in so far as the courts of this State are concerned. (*People ex rel. Board of Education* v. *Graves*, 243 N. Y. 204.) Since the determination of the Commissioner with reference to these matters is conclusive, and may not

be reviewed by the courts, the respondent urges that the courts are also precluded from enforcing the decrees of the Commissioner, and for the additional reason that he is given the power by statute to make all orders, by directing the levying of taxes or otherwise, which may, in his judgment, be proper or necessary to give effect to his decisions. (Education Law, § 891, subd. 4.) The respondent adds that the petitioners' remedy is an appeal to the Commissioner; that it is for him to enforce his own order, and that if his powers are inadequate to do so the remedy rests with the Legislature and not with the courts.

In so far as the first proposition is concerned, I think the respondent misconceives the purpose and scope of the application. No educational controversy within the meaning of the statute, or the decisions cited thereunder, is before the court. The controversy has been decided by the proper authority, and such decision, in so far as it determines that transportation must be furnished, is final and conclusive. The petitioners seek by this proceeding to enforce the decision of the Commissioner, and not to review his action. The issuance of mandamus by this court to enforce the order of another tribunal is not without precedent. (*People ex rel. Pells* v. *Supervisors,* 65 N. Y. 300.) In the case cited such procedure was sustained against the board of supervisors to enforce the order of the County Court. It was held that such order, from which no appeal was taken, had the effect of a final judgment and imposed upon the board an obligation to act which might properly be enforced by mandamus. Whether the principle involved ought to be applied here may depend upon the power of the Commissioner and the intent of the Legislature as expressed in the statute.

For all practical purposes the power of the Commissioner to meet the defiance of his order in a situation such as presented is limited to two acts; *i. e.,* the removal of the trustee; and the forfeiture of the public money. Both of these have been tried without avail. While empowered to act in a judicial capacity, no one has even suggested that he possesses the judicial power to punish for contempt the refusal to obey his lawful mandate. Without such power it is obvious that no matter how many orders he may issue, if those to whom they are directed are sufficiently recalcitrant, and the district involved is willing to lose its share of the public money, then such orders are futile. To hold that such possibility was contemplated by the Legislature would in effect mean that the Legislature intended that a district might trade its share of the public money in return for its refusal to abide by the terms of the statute. If the statute is to be so construed then the districts throughout the State, and not the Commissioner, are in control of

the educational policy of the State. However, the language of the statute is not consistent with such an interpretation. "Each district," so runs the statute, "which does not maintain a high school shall provide transportation when necessary for its pupils who have completed the work of the eighth grade and are receiving academic instruction in another district." (Education Law, § 493, subd. 6, as added by Laws of 1930, chap. 263.) To the Commissioner is confided the power to determine when transportation is necessary, and where this determination has been made then the language of the statute is mandatory. Therefore, the decision of the Commissioner in this matter has affixed upon the respondent trustee the legal obligation to perform a public duty. Whether he wills to do so or not, he has no discretion under the law. The petitioners are citizens and taxpayers of the district involved, and as such have the legal right to insist that the respondent trustee, as a public officer, perform the duty imposed upon him by law. Thus, the requirements for the issuance of an order of mandamus are met, and the motion must be granted.

No doubt a majority of the taxpayers of the district feel that they have been unjustly treated by the action of the Commissioner, and that such action casts a heavy burden upon them. However that may be, the court has no alternative except to enforce the law as the court conceives the law to be. If there is injustice in the situation the remedy is an appeal to the Legislature and not to the courts. Motion granted as against the respondent trustee, without costs.