Bernard S. Meyer, J.
The voters of his school district having defeated a proposal to provide transportation for a greater distance than 10 miles, petitioner seeks by this proceeding to require the School Board to provide transportation for the first 10 miles of the distance from his home to the parochial school his daughter attends. The school, he concedes, is 12.8 miles from his home. An appeal to the Commissioner of Education pursuant to sections 3635 and 310 of the Education Law resulted in a holding that the requested transportation need not be furnished. The court concludes that this is the proper construction of section 3635 of the Education Law. The petition is, therefore, dismissed.
The second sentence of the section defines the limits within which transportation must be provided, and reads in pertinent part ‘ ‘ shall be provided for each such child up to a distance of ten miles, the distance in each case being measured by the nearest available route from home to school.” Petitioner’s position is predicated on the words “ up to a distance of ten miles.” Read in context, however, those words do not sustain petitioner’s argument for it is transportation “ up to a distance of ten miles * * * from home to school ’ ’ that the section mandates. That the section does not require transportation to or from a point 10 miles along the route from a pupil’s home to the school he legally attends is made abundantly clear by the last sentence of the section. That sentence provides that “ Nothing contained in this subdivision, however, shall be deemed to require a school district * * * to furnish transportation except to or from the nearest available parochial school” (emphasis supplied). Since the same sentence contains an express provision that the *872 child need not be furnished transportation ‘ ‘ directly to or from his home,” it is reasonable to conclude that if the Legislature envisaged his being transported not directly to or from the school but to a point somewhere short of the school, it would have (1) expressly so provided, and (2) made provision for reimbursement to parents in petitioner’s position rather than merely require the school district to “ furnish transportation.”