Harold E. Koreman, J.
The petitioner requested the respondent Board of Education to furnish transportation for his son between the Scarsdale Station and the Fordham Station of the New York Central Railroad in connection with the attendance by petitioner’s son at Fordham Preparatory School. The respondent board denied the request on the grounds: (a) that the distance between petitioner’s home and Fordham Preparatory School exceeds 10 miles, (b) that the voters of the School District had not voted to provide transportation in excess of 10 miles, and (c) that other pupils in like circumstances to that of petitioner’s child will not be granted transportation.
Petitioner appealed from such denial to the respondent Commissioner of Education who, by decision dated August 6, 1965, dismissed such appeal. By this proceeding, pursuant to article 78 of the CPLR, the petitioner seeks to reverse and set aside the decision of the respondent Commissioner.
Each respondent moves to dismiss the petition for failure to state facts sufficient to constitute a cause of action.
The respondent board denied the request for transportation on the ground that it is not provided .for by .section 3635 of the Education Law. The Commissioner dismissed the appeal stating that: “ Section 3635 of the Education Law requires that a school district provide transportation where the distance between the residence of the child and the .school he legally attends is more than two miles in the case of an elementary pupil, more than three miles in the case of a secondary pupil, and, in either event, less than ten miles ”. The Commissioner also stated that the question has been settled in Matter of Perry v. Board of Educ. (36 Misc 2d 871 [Nassau County, 1962]), wherein it was held that there is no requirement under section 3635 of the Education Law that transportation be provided to or from a point 10 miles along the route from a pupil’s home to the school he legally attends.
The Commissioner’s deeision in the appeal from the determination of the board is final and conclusive and not subject to review by the courts (Education Law, § 310; Bullock v. Cooley, 225 N. Y. 566), unless there is a showing of pure arbitrariness (Matter of Levitch v. Board of Educ., 243 N. Y. 373; Matter of Board of Educ. of City of N. Y. v. Allen, 6 N Y 2d 127; Matter of Vetere v. Allen, 15 N Y 2d 259). The issue to be resolved here must be considered with this rule as a guide.
While petitioner concedes that the pupil’s home is located more than 10 miles from the school he attends, he argues, nevertheless, that the distance, measured by the ‘ ‘ nearest available route ” from his home to the school, does not exceed 10 miles *1054 because it should be measured from the terminal of transportation nearest the home to the terminal of that route nearest the school. Aside from the fact that there is no proof that the railroad is the only means of transportation available to his son, petitioner would exclude from the measurement the walking distance from his home to the terminal of transportation, or any distance over which transportation is not sought. As stated in Matter of Perry v. Board of Educ. (supra, p. 871): “ it is transportation ‘ up to a distance of ten miles * * * from home to school ’ that the section mandates ”, Furthermore, the section refers specifically to children who “live” more than the stated minimum distances from the schools they legally attend, up to the maximum of 10 miles. Thus, there is no warrant for excluding any distance for which paid transportation is not sought in measuring the nearest available route.
Petitioner takes the position that the board acted contrary to the provisions of section 3635 of the Education Law in refusing transportation in this instance, and, therefore, the Commissioner’s approval of the board’s action was purely arbitrary and should be annulled under the authority of Matter of Ross v. Wilson (308 N. Y. 605), which, petitioner argues, was recently cited with approval in Matter of Vetere v. Allen (supra). In my opinion, petitioner’s reliance on the Ross case is misplaced. In that case, the court overruled the Commissioner because it found that a School District had made an outright gift of public funds to a church for its general church purposes, and that the expenditure of School District money for noneducational purposes could not be authorized under the Education Law. It was held in Matter of Vetere v. Allen (supra) that the Legislature has endowed the Commissioner with all but absolute power to make public policy and administrative decisions in the field of education, and that his determination in such matters is final and not reviewable by the courts, absent a showing of pure arbitrariness. There being no showing here that the determination of the Commissioner was arbitrary or illegal, the petition must be dismissed.