In the Matter of the Arbitration between CUBA-RUSHFORD CENTRAL SCHOOL DISTRICT, Respondent, and RUSHFORD FACULTY ASSOCIATION, by BETSY ORLANDO, as President, Appellant.

Fourth Department, July 14, 1992

APPEARANCES OF COUNSEL

*Benard F. Ashe (Ivor Moskowitz* of counsel), for appellants.

*Williams, Hulburt & Brown (Peter Hulburt* of counsel), for respondent.

*Jay Worona (Shari Greenleaf* of counsel), for New York State School Boards Association, Inc., *amicus curiae.*

**OPINION OF THE COURT**

FALLON, J.

In July of 1990, the superintendents of Rushford Central School District and Cuba Central School District requested funding from the State Education Department to study the feasibility of annexing the territory of one school district to the other. Based upon the findings made from that funded study, the Commissioner of Education (Commissioner) recommended the reorganization of the school districts. On March 4, 1991, the Commissioner issued an order of annexation pursuant to article 37 of the Education Law dissolving the Rushford Central School District and annexing its territory to the Cuba Central School District. Following public referendums, the annexation order was approved by the qualified voters of each school district *(see,* Education Law § 1802 [2]; § 1803) and became effective July 1, 1991. The reorganized school district formed by annexation is known as the Cuba-Rushford Central School District (petitioner).

Prior to annexation, the teachers in both districts were represented and had in effect collective bargaining agreements with their respective school boards pursuant to article 14 of the Civil Service Law. The teachers in the Rushford Central

School District were represented by respondent Rushford Faculty Association (respondent). Respondent's collective bargaining agreement was effective through June 30, 1992. Following implementation of the annexation order, on August 19, 1991, respondent filed a grievance and demand for arbitration pursuant to its collective bargaining agreement. The grievance, filed on behalf of those teachers formerly employed by the Rushford Central School District and now employed by petitioner, sought to have petitioner continue all contractual benefits, including salary benefits, due under respondent's collective bargaining agreement. Petitioner moved to stay arbitration (see, CPLR 7503 [c]). In granting petitioner's application, Supreme Court held that in the context of reorganization of a central school district by annexation, the annexing district is not obligated to honor the collective bargaining agreement of those teachers previously employed by the dissolved school district who are now in its employ. In the absence of an agreement to arbitrate, Supreme Court permanently stayed arbitration. We agree.

Article 37 of the Education Law empowers the Commissioner to lay out central school districts and to fix and determine their territorial boundaries (Education Law § 1801 [1]). Included within his authority is the power to make an order dissolving a central school district and annexing one to another (Education Law § 1801 [2]). Where, as here, a central school district is annexed to another district, Education Law § 1804 (5) (b) provides, in pertinent part, that: "the central school district, of which any such district shall have become a part, shall succeed to all the property rights of such * * * central school district and all indebtedness of any such school district evidenced by bonds or notes or relating to school building construction shall become a charge upon such central school district of which such district shall have become a part". Aside from the obligations imposed on the annexing district by section 1804 (5) (b), any remaining debts are to be paid by the dissolved district in the course of winding up its affairs (see, Education Law § 1518).

Respondent contends that the subject collective bargaining agreement is a "property right" which petitioner is obligated to assume by operation of Education Law § 1804 (5) (b). It likens the collective bargaining agreement at issue to the individual employment contract which was found to obligate the reorganized school district in *Barringer v Powell* (230 NY 37). In our view, the holding in *Barringer v Powell* is not

controlling here. Supreme Court correctly noted that a collective bargaining agreement and an individual contract of employment are conceptually and practically dissimilar *(see, Steelworkers v Warrior & Gulf Co.,* 363 US 574). An individual employment agreement confers upon the employee the right to employment for the terms and conditions stated in the contract *(Matter of Foster v Board of Educ.,* 28 Ed Dept Rep 29). The subject collective bargaining agreement does not confer a comparable benefit to an individual teacher formerly represented by respondent. A teacher's right to employment emanates not from a collective bargaining agreement but rather from the appointment process (Education Law § 3012 [1] [a]). Once employed, the terms and conditions of employment are controlled by the collective bargaining agreement (Civil Service Law § 201 [4]; § 203). Because the collective bargaining agreement itself confers no right to employment on respondent's member teachers, it cannot, in our view, be considered a "property right" such as would bind an annexing school district pursuant to section 1804 (5) (b) of the Education Law.

 *Barringer (supra)* and *Matter of Foster (supra)* are not to the contrary. Significantly, both of those cases involved the consolidation of school districts and not an annexation. "When two or more districts shall be consolidated into one, the new district shall succeed to all the rights of property possessed by the annulled districts" (Education Law § 1514). In the context of an annexation of central school districts, a new district is not created. Rather, one district is dissolved and its territory is added to the annexing district, which survives (Education Law § 1801 [2]; § 1802 [2]). Although a teacher from the dissolved district may fill a teaching position in the annexing school district and receive full credit for service credits previously earned while employed by the dissolved district, if no positions are available, the teacher is placed on a preferred eligibility list for appointment to fill a vacancy *(see,* Education Law § 1505-a [2]).

The interplay of the various statutory provisions pertaining to the dissolution and annexation of central school districts demonstrates the incongruity of respondent's contention. It would be anomalous to obligate an annexing school district to honor the terms and conditions of the collective bargaining agreement for teachers of a dissolved school district when those very teachers are only afforded limited statutory rights of employment in the annexing district. In an analogous

situation the New York State Public Employment Relations Board (PERB) has ruled as a matter of public employment practice that no rights under a collective bargaining agreement survive where the agreement has been terminated because one of the parties no longer exists (Matter of County of Clinton [Deputy Sheriff's Unit, Local 810], 19 PERB ¶ 3048, 3102). Because the Rushford Central School District, with the minor exception of certain continued statutory functions (see, Education Law § 1518), effectively ceased to exist on July 1, 1991, we find that the collective bargaining agreement previously entered into between it and respondent also expired.

Although PERB has not had occasion to confront the issue now before us, determinations made in a variety of comparable situations are instructive and support the view that respondent's collective bargaining agreement neither survived the annexation nor did it follow those employees previously employed by the Rushford Central School District (see, Matter of Public Employees Fedn. [State of New York], 20 PERB ¶ 3046; Opinion of Counsel, 18 PERB ¶ 5002; Matter of City of Amsterdam [Amsterdam City Employees Local Union No. 1614], 17 PERB ¶ 3045, appeal dismissed 17 PERB ¶ 7015; cf., Matter of Edwards-Russell Cent. School Dist. [Edward Teachers Assn.], 19 PERB ¶ 4041; Matter of Monroe Woodbury Teachers Assn. [Monroe Woodbury Cent. School Dist.], 10 PERB ¶ 3029).

Accordingly, in the absence of an agreement to arbitrate between the parties to this proceeding, Supreme Court properly stayed arbitration (see, Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d 509, 511).

CALLAHAN, J. P., BOOMER, GREEN and DAVIS, JJ., concur.

Order unanimously affirmed, without costs.